STATE *ex rel.*, FLORIDA WAREHOUSE AND DOCK COMPANY, A CORPORATION, *Petitioner*, v. GEORGE COUPER GIBBS, JUDGE OF THE FOURTH JUDICIAL CIRCUIT, AND THE W. W. CUMMER & SONS COMPANY, *Respondents*.

Opinion Filed November 24, 1914.

When an appeal with supersedeas, from an order overruling a demurrer going to the entire equity of a bill, is pending in the Supreme Court, the appellant should not be required by the Circuit Court to plead to an amended bill thereafter filed in the same cause.

This is a case of Original Jurisdiction in Writ of Prohibition.

Demurrer to return sustained.

*J. T. G. Crawford*, for Petitioner.

COCKRELL, J.—This is an original proceeding, a Prohibition against the Circuit Judge to prevent his entertaining and proceeding further in a certain cause now pending in this court, wherein the Florida Warehouse and

Dock Company is the appellant and The W. W. Cummer & Sons Company, a corporation, is the appellee.

A bill of complaint was filed in December, 1913, by the Cummer Company against the Warehouse Company, to which the latter demurred, attacking the equities of the bill, assigning twelve grounds of demurrer, some of these grounds being addressed to the whole of the bill and others to specific parts of the bill. The demurrer was overruled and the Warehouse Company appealed to this court and obtained a supersedeas. While the cause was so pending in this court under that supersedeas, the complainant obtained leave of the Circuit Court to file an amended bill upon the same cause of action, directing the Warehouse Company to plead thereto. An order was also entered October 24, 1914, that the supersedeas order of March 2, 1914, be modified so as to stay only further proceedings upon the original bill of complaint.

It is immaterial that the amendments permitted were such as in the minds of the pleader or of the court obviated the objections interposed to the bill as originally framed. The demurrer that is before this court attacks the right of the complainant to recover in a court of equity, and the defendant upon this appeal has the right to have this court decide that question. The law does not permit the same cause of action to be litigated in the same case between the same parties at the same time in the courts of original and appellate jurisdiction, when the action of the court of orignal jurisdiction has been stayed by a supersedeas duly or regularly obtained.

In Holland v. State, 15 Fla. 549, we held that pending an appeal, the Circuit Court could not dismiss a cause as to the appellant and thus deprive him of the right to have his case adjudicated upon that appeal. Further it was there said that "after an appeal is prayed for and al-

lowed, the record cannot be changed or altered by either party." See also State *ex rel.* Shrader v. Phillips, 32 Fla. 403, 13 South. Rep. 920.

We are not dealing with exceptional cases, such as those arising out of the necessity for maintaining the *status quo* and preventing waste, nor the mere filing of actions or defenses with a view to avoiding the statute of limitations and the like. The vice here is in ordering the defendant to proceed to litigate the amended bill of complaint, before it had forfeited its right to have this court determine some at least of the same issues of law presented by both original and amended bill.

The Holland case, *supra,* would seem to be decisive in its reasonings, with which we fully concur. The Circuit Court should not have ordered the Warehouse Company to plead to the amended bill of complaint while its appeal was pending before this court.

A formal order is doubtless unnecessary, as we are sure our views will be fully respected.

The costs of this writ will be taxed against The W. W. Cummer & Sons Company.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.