LEO J. COYLE AND ANN N. COYLE, HIS WIFE, AND PHILIP HANICK, ALSO KNOWN AS PHILIP HENICK, AND JANE HANICK, HIS WIFE (NAME JANE FICTITIOUS; REAL FIRST NAME UNKNOWN TO COMPLAINANT), *Appellants,* v· S. BOBO DEAN CORPORATION, A FLORIDA CORPORATION, *Appellee.*

Division B.

Opinion Filed October 12, 1927.

*O. D. Batchelor,* Solicitor for Appellants;

*Semple & Hirschman,* and *James M. Carson,* Solicitors for Appellee.

PER CURIAM.—In this case suit was brought to foreclose a mortgage, the bill being filed on June 30th, 1927. On July 13th, 1927, notice of application for a receiver in aid of foreclosure was filed. On August 4th, 1927, an

order was made appointing a receiver of the property described in the mortgage, together with all the rents, income and profits thereof. The receiver was required to take possession of the property and collect the rents, income and profits therefrom and take hold and manage the property during the pendency of the action subject to the further order of the court.

On the 8th day of August the respondents filed their notice of appeal from the order appointing the receiver and also applied for an order of supersedeas which, was granted and the bond fixed at $2,000.00. The chancellor within his legal authority to grant a supersedeas on appeal from an interlocutory order, fixed the conditions of the supersedeas and thereby limited its effect not to stay or delay the proceedings in the main suit in the court below. This brings the entire record before this Court.

The bill of complaint contains adequate allegations to entitle complainants to the equitable relief prayed.

The case comes before this Court at this time upon a motion for increase of the supersedeas bond, it being alleged that the property involved is of the value of approximately $100,000.00.

The supersedeas on appeal from the order appointing the receiver under the facts above stated will not be held to stay the proceedings of the suit in the court below, but only operates to prevent the functioning of a receiver and suspends the effect of the order appointing the receiver until disposition of the appeal in this Court, or until the case is otherwise disposed of in the court below.

It appears from the allegations of the motion pending before this Court that a bond in the sum of $2,000.00 is adequate to protect the complainant from any loss which might be sustained by reason of the suspension of the interlocutory order appointing the receiver and as the

supersedeas of this order does not affect the rights of the parties to otherwise proceed with the litigation the same as if no interlocutory order had been made, the motion for increase of supersedeas bond is denied.

It is so ordered.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM, J., concur in the opinion.