STATE OF FLORIDA, ex rel. COSMO MARTORANO and CATERINA MARTARANO, *Relators,* v. F. M. ROBLES, as Circuit Judge, and ROSINA SPICOLA, joined by her husband, G. C. SPICOLA, *Respondents.*

147 So. 910.

Division A.

Opinion filed April 24, 1933.

*John De Marco,* for Relators;

*Joseph G. Spicola* and *J. W. B. Shaw,* for Respondents.

DAVIS, C. J.—Section 4962 C. G. L., 3170 R. G. S., provides that no appeal from any interlocutory decision, judgment or decree of a Circuit Court sitting as a court of equity shall operate as a supersedeas unless the Judge of the Circuit Court or a Justice of the Supreme Court shall, on an inspection of the record, order and direct a stay of proceedings.

Respondents, the Spicolas, filed in the Circuit Court of Hillsborough County, their bill of complaint praying for

the foreclosure of a mortgage and for the appointment without notice of a receiver for the mortgaged property. A receiver was appointed as prayed. Three days later the defendants in the case, who are the relators in this proceeding, filed their motion to vacate and set aside the receivership. The Circuit Judge, who is a respondent to this proceeding, made an order denying the motion to vacate the receivership appointment, and the defendants appealed therefrom to this Court on September 13th, 1932. On the same day that the appeal to this Court was entered from the interlocutory order refusing to vacate the appointment of a receiver, appellants on that appeal applied to the Circuit Judge and obtained from him an order for supersedeas under Section 496—C. G. L., *supra*. That supersedeas order was in substance as follows: "That the said entry of appeal do operate as a supersedeas upon the defendant's filing and entering into a good and sufficient bond in the sum of five hundred dollars * * * conditioned to pay the complainant all cost and damage which she may sustain by reason of the appeal entered in said cause, by the said defendants to the Supreme Court of Florida."

The appeal in connection with which the supersedeas order was entered, recited that it was taken and entered "from the order rendered in said cause by the Honorable F. M. Robles, Judge of the Circuit Court of the Thirteenth Judicial Circuit of Florida * * * on the 10th day of September, 1932, by which said order, the said Circuit Judge denied defendant's motion to vacate and set aside the order appointing a receiver in said cause."

Bond in compliance with the supersedeas order entered by the Circuit Judge was made and filed by the appellants. They, contending that the supersedeas had, by its perfection in accordance with law, arrested all further proceedings

in the main cause, failed to file any plea, answer or demurrer in the cause, in consequence of which decree *pro confesso* was entered against them and final decree rendered pursuant thereto.

Rule *nisi* in prohibition was awarded by us herein on the representation made in relator's petition to the effect that the supersedeas operated to stay all proceedings in the main cause as well as with reference to the subject matter of the order appealed from, and that therefore the proceedings being had by the Circuit Judge in entering a final decree against the relators was in violation of the supersedeas and an invasion of the jurisdiction of this Court, which alone would have the power to modify or discharge its effect as a stay of all proceedings in the main cause. The answer of the respondents is that the supersedeas order does not have the effect attributed to it and that it should form no basis for a writ of prohibition absolute from this Court.

There can be no doubt that when an appeal in an equity cause has been duly entered, and the Circuit Judge has determined the amount and condition of a supersedeas bond, and the bond has been executed, approved and filed all within thirty days from the entry of the decree appealed from, that the supersedeas is thereupon effective, and neither the Circuit Judge nor a master appointed by him may thereafter ignore or refuse to recognize such supersedeas. Banning v. Brown, 73 Fla. 54, 74 Sou. Rep. 23. And in such case this Court has undoubted power to protect the statutory supersedeas thus put into effect by issuing its writ of prohibition to restrain further proceedings in the court below in violation of such supersedeas, as well as to enforce the supersedeas by contempt proceedings. Section 5 of Article V, State Constitution.

So the proposition to be decided in this proceeding is whether or not the taking of an appeal from an interlocutory order refusing to vacate a receivership, accompanied by a general supersedeas order not limited in its terms to the interlocutory order that has been appealed from, operates to stay all proceedings in the court below after the supersedeas bond has been executed, approved and filed in accordance with the supersedeas order and within the time fixed by the statute.

It has been held by this Court that a supersedeas granted on an appeal from an interlocutory order appointing a receiver in a foreclosure case does not *necessarily* bar the right of the parties to the suit to otherwise proceed with the litigation in the court below. Coyle v. Dean, 94 Fla. 637, 114 Sou. Rep. 526. But in that case the Chancellor within his legal authority to grant a supersedeas on appeal from his interlocutory order appointing a receiver, expressly fixed the conditions of the supersedeas in such manner as to limit its effect not to stay or delay the proceedings in the main suit in the court below. Relators therefore contend that the converse must be true and that whether or not a supersedeas from an interlocutory order operates to stay or delay the proceedings in the main suit in the court below is to be determined by the presence or absence from the supersedeas order of language which in terms *limits* the effect of the supersedeas to a stay or suspension of the interlocutory order appealed from only.

Our conclusion on this point is that since a supersedeas is ordinarily to stay or suspend the execution of a decree already rendered, and not to suspend other proceedings in the cause further adjudicating the rights of the parties, unless to do so would, in effect, be carrying out the order of the court that is superseded, that when an appeal is

taken from an interlocutory order in an equity case, and an order is made by the Circuit Judge under Section 4962 C. G. L., 3170 R. G. S. providing in general terms that the appeal taken shall operate as a supersedeas in the cause, that the appeal taken operates only as a supersedeas of the interlocutory order appealed from, and does not necessarily bar the right of the parties to otherwise proceed with the litigation in the court below insofar as such litigation may be lawfully proceeded with in due course, without having to depend upon the supersedeas order appealed from in order to justify such further proceedings as being according to law and equity practice. Continental National Building & Loan Assn. 41 Fla. 421, 26 Sou. Rep. 726. The real effect of an appeal with supersedeas is to suspend the power of the court below to make any order tending towards an extension or enforcement of the order appealed from. Carr v. Marion Mortgage Co., 99 Fla. 540, 128 Sou. Rep. 12. It does not interfere with the power of the court of original jurisdiction to make such further orders or decrees in the cause as do not tend toward an execution or enforcement of the order or decree appealed from, nor place the funds or property involved beyond the judgment or decree of the appellate court. McKinnon Young Co. v. Stockton, 53 Fla. 734, 44 Sou. Rep. 237.

In the foreclosure case to which this proceeding in prohibition relates, the appeal that was taken from the order of the court denying defendant's motion to vacate the receivership, could, even if it is decided in favor of appellant by this court, have no effect on complainant's right to foreclose the mortgage sued on. Therefore there is nothing in the nature of that order which necessarily involves the right of complainant in the foreclosure case to otherwise proceed with the litigation concerning the mortgage fore-

closure by prosecuting the suit to final decree, so long as the final decree made does not have the effect of awarding to the complainant the funds or property sequestered through the medium of the receivership.

. We hold therefore that while the Circuit Judge had power by virtue of his authority to "direct a stay of proceedings" when granting a supersedeas order under the statute, to order that the supersedeas allowed on the appeal should operate to a "stay of *all* further proceedings in the litigation, as well as a stay of the order appealed from, that in the absence of any definite and certain inclusion in the supersedeas order of a specific direction for such "stay" of all other proceedings, that the supersedeas operated only to stay or suspend the particular order appealed from, and did not bar the right of the complainant in the foreclosure case to otherwise proceed with the litigation in the court below, so long as the subsequent proceedings did not undertake to dispose of the money or property sequestered by the receivership, so as to put it beyond the reach or control of the judgment of this Court on the appeal taken.

The final decree entered in the foreclosure case on February 10th, 1933, pursuant to the proceedings had after the supersedeas order was entered on the appeal from the order refusing to vacate the receivership, in no wise undertook to validate, confirm or otherwise give effect to any act done in connection with the receivership. Hence it cannot be said that such subsequent proceedings were in any respect violative of the supersedeas nor in excess of the jurisdiction of the court. So the rule *nisi* in prohibition heretofore issued by us in this cause should be discharged and the proceeding in prohibition dismissed. It is so ordered.

Dismissed.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.