STATE, *ex rel.* CHARLES L. BRIGGS, v. HONORABLE PAUL D. BARNS, as Judge of the Circuit Court, Eleventh Judicial Circuit, Dade County, and SECOND NATIONAL BANK OF BOSTON.

164 So. 539.

Opinion Filed December 3, 1935.

*Shutts & Bowen, L. S. Julian* and *H. N. Boureau,* for Relator;

*Hudson & Cason,* for Respondents;

*Evans, Mershon, Sawyer* and *W. O. Mehrtens,* as *amici curiae.*

BUFORD, J.—This case is before us on demurrer to suggestion for writ of prohibition and answer to the suggestion for writ of prohibition filed after rule *nisi* was issued herein, also motion to strike certain parts of the answer or return.

To place the issues now before the Court before the bench and bar so that the judgment entered herein may be of service to both, it is necessary to quote largely from the pleadings.

The suggestion for writ of prohibition alleges:

"1. On March 2, 1395, Second National Bank of Boston, a corporation organized under the laws of the United States,

filed in the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Dade County, its praecipe for summons *ad respondendum* to be directed to Chas. L. Briggs 'in an action at law on promissory note, damages $200,000.00,' and requesting that said summons be made returnable to the Rule Day in April, 1935; on the same day original writ of summons *ad respondendum* was duly issued by the Clerk of said Court, and delivered to the Sheriff of said County, directed as aforesaid.

"2.   On March 25, 1935, before there had been any return of said original writ of summons by said Sheriff to said Clerk's office, and before the same had been filed in said Clerk's office, said Second National Bank of Boston filed therein its praecipe for an alias summons *ad respondendum* to be delivered to said Chas. L. Briggs 'in an action at law on promissory note, damages $200,000.00,' and requesting that the same be made returnable to the Rule Day in May, 1935; on the same day a purported alias writ of summons *ad respondendum* was duly issued by the Clerk of said Court and was delivered to the Sheriff of said County on the following day, to-wit:   March 26, 1935, directed as aforesaid.

"3.   On April 1, 1935, the return day of said original writ of summons, said Chas. L. Briggs filed in said cause his special appearance expressly for the sole and only purpose of contesting the jurisdiction of said Circuit Court over said Chas. L. Briggs; and on April 24, 1935, not less than ten (10) days before the next succeeding Rule Day; said Chas. L. Bridges appearing specially for the sole purpose thereof, filed in said cause his motion to quash the purported service of the original writ of summons on him and to set aside and quash said Sheriff's return thereon, containing a statement of the grounds of said special appearance and

motion and bearing an acknowledgment of receipt of a copy of said motion on said date by the attorneys for said Second National Bank of Boston.

"4. On April 30, 1935, and not prior thereto, said Sheriff of said County returned said original writ of summons to, and filed the same in said .Clerk's office with the following return endorsed on the back thereof:

" 'Received this SUMMONS AD RES. on the 2nd day of Mar 35 and served the same on March 7, 1935, in Dade County, Florida, upon Chas. L. Briggs, the within named defendant, by delivering a true copy of this summons to Bernard S. Leslie, as Guardian of the said Chas. L. Briggs, under appointment of the County Judge's Court of Dade County, Florida, and by then and there showing to him this original and explaining to him the contents thereof; Copy & return .50 Service 1.00 2 miles .25     1.75

" 'D. C. COLEMAN, Sheriff.

" 'Dade County, Florida    By T. J. Harknes, D. S. '

"5. On May 6, 1935, the Return Day of said purported alias writ of summons, said Chas. L. Briggs, filed in said cause his special appearance expressly for the sole and only purpose of contesting the jurisdiction of said Circuit Court over said Chas. L. Briggs; and on May 21, 1935, not less than ten (10) days before the next succeeding Rule Day, said Chas. L. Briggs appearing specially for the sole purpose thereof, filed in said cause his motion to quash said purported alias writ of summons issued in said cause and directed to him, and to set aside and quash said Sheriff's return thereon, containing a statement of the grounds of said special appearance and motion, and bearing an acknowledgment of receipt of a copy of said motion on said date by the attorneys for said Second National Bank of Boston.

"6. On May 6, 1935, said Second National Bank of Boston filed in said cause its declaration and a copy of its alleged cause of action, setting forth that W. C. Briggs, Inc., a Florida corporation, on the 7th day of December, 1929, by its promissory note, overdue, promised to pay to said Second National Bank of Boston $100,000.00 three months after date; that said Chas. L. Briggs endorsed same before its execution and delivery, and that although said note was duly presented for payment and was dishonored, of which the said Chas. L. Briggs had due notice, he did not pay the same.

"7. On July 1, 1935, said motion to quash the purported service of said original writ of summons and the Sheriff's return thereon, and said motion to quash said purported alias writ of summons and said Sheriff's return thereon, came on to be heard before the Honorable Paul D. Barns, as Judge of said Court, and after argument by counsel for the respective parties, the said Honorable Paul D. Barns as Judge of said Court on the same day made and rendered an order in said cause denying said motion to quash said purported alias writ of summons and to set aside and quash the Sheriff's return thereon.

"8. On July 13, 1935, the said Honorable Paul D. Barns as Judge of said Court made and rendered an order referring to said order made July 1, 1935, and allowing said Chas. L. Briggs to and including the 5th day of August, 1935, within which time to file such pleas or demurrers to the declaration in said cause as he may be advised."

And it further alleged that the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Dade County and the Honorable Paul D. Barns, as Judge, were without jurisdiction because of the facts alleged hereinbefore set forth, but that the said Honorable Paul D. Barns as

Judge of said Circuit Court proposed to proceed to hear and determine the cause and to render such order and judgment as he might deem appropriate.

It further alleged as follows:

"On January 28, 1930, the Honorable Jeff. N. B. Browne, as Circuit Judge of the Eleventh Judicial Circuit of Florida, in and for Dade County, acting for and in the absence of the County Judge of said County, made and entered a decree adjudicating said Chas. L. Briggs to be insane, and that said decree has been continuously since said date, and still is in full force and effect. A certified copy of said decree accompanies the Suggestion and is attached hereto, marked Exhibit 'B' and is hereby made a part hereof."

The prayer was for writ of prohibition to restrain the Circuit Court from proceeding further in the cause.

The exhibits attached to the Suggestion suport the allegations as to the issuance of Summons *Ad Res,* alias Summons *Ad Res* and the Returns.

Rule *Nisi* was issued. It is not necessary to quote the demurrer.

The Return of Judge Barns contains the following:

"1. This Respondent admits the allegations of Paragraphs 1 to 10 inclusive."

"3. This respondent says that the service of the original summons was defective and irregular to the extent of not being complete, and was so considered by the plaintiff's attorneys, as appears by the praecipe for an alias summons, as shown by the transcript of record at Page 4. The said plaintiff was therefore entitled to have alias summons issued in accordance with the law in such cases made and provided, which alias summons was duly and regularly issued and personally served upon the relator, Chas. L. Briggs."

There was a second paragraph of the Return which counsel admits at the bar of this Court is not supported by the record.

The Return of Second National Bank of Boston is as follows:

"1. This respondent admits the allegations of Paragraphs 1 to 10 inclusive.

"2. This respondent denies that Chas. L. Briggs was adjudicated to be insane, as alleged in Paragraph 11. The said Chas. L. Briggs was adjudged to be an incompetent and was committed to the custody of his wife, as will appear from a certified copy of the order attached to the suggestion as Exhibit B. Respondent further says, on information and belief, that said Chas. L. Briggs spends the greater part of his time outside the State of Florida; that it was only after diligent search that personal service was secured; that the relator has left this State; and this respondent believes that in the event the service upon him is not sustained, he will remain outside of the State of Florida for the purpose of avoiding service.

"3. This respondent says that the service of the original summons was not of itself sufficient and hence was defective and irregular, and was so considered by the plaintiff's attorneys, as appears by the praecipe for an alias summons, as shown by the transcript of record at page 4. The said plaintiff was therefore entitled to have alias summons issued in accordance with the law in such cases made and provided, which alias summons was duly and regularly issued and personally served upon the relator, Chas. L. Briggs."

The motion to strike is directed first to the second paragraph of Judge Barns' return, and, for the reasons above stated, is granted.

The second paragraph of motion to strike is directed to the third paragraph of Judge Barns' return above quoted.

The third paragraph of motion to strike is directed to the last sentence of the third paragraph of Judge Barns' return.

In the motion to strike parts of the answer and return of Second National Bank of Boston the motion is to strike the following language contained in paragraph 2 thereof:

"This respondent denies that Chas. L. Briggs was adjudicated to be insane, as alleged in paragraph 11. The said Chas. L. Briggs was adjudged to be an incompetent and was committed to the custody of his wife, as will appear from a certified copy of the order attached to the suggestion as Exhibit B on the following additional grounds:"

And to strike that part of paragraph 2 of the said Bank's return as follows:

"Respondent further says, on information and belief, that said Chas. L. Briggs spends the greater part of his time outside of the State of Florida; that it was only after diligent search that personal service was secured; that the relator has left this State; and this respondent believes that in the event the service upon him is not sustained, he will remain outside of the State of Florida for the purpose of avoiding service."

And to strike that portion of paragraph 3 of said Bank's return, as follows:

"This respondent says that the service of the original summons was not of itself sufficient and hence was defective and irregular, and was so considered by the plaintiff's attorneys as appears by the praecipe for an alias summons, as shown by the transcript of record at Page 4. The said plaintiff was therefore entitled to have alias summons issued in accordance with the law in such cases made and

provided, which alias summons was duly and regularly issued and personally served upon the relator, Chas. L. Briggs."

And to strike the last sentence of paragraph 3 of said Bank's return, as follows:

"The allegations that the Second National Bank of Boston, referred to as plaintiff, was entitled to have alias summons issued, and which alias summons was duly and regularly issued, are mere conclusions of law."

There is also motion to quash the return.

The record shows that praecipe was filed and summons *ad res* was issued to the defendant on March 2, 1935, made returnable to the Rule Day in April, 1935, which was the first day of April. On March 25th, within ten days of the April Rule Day, no return having been made on the original summons, plaintiff filed praecipe for alias summons *ad res* and alias summons *ad res* was issued returnable to the Rule Day in May, 1935. The alias summons was duly served on the defendant.

It is contended that there was no service of the original summons on the defendant and that the alias summons was issued by the Clerk of the Circuit Court without authority of law and was therefore, of no force and effect and that the purported service thereof is not binding on the defendant.

The return of the sheriff shown on the original summons is sufficient to show that the attempted service on that summons was not effective as service on the defendant. Therefore, it follows that it was defective; in fact, so defective as to constitute no service on the defendant unless it be shown that some other service of the summons was had in which case the return could be amended to speak the truth. It is not to be questioned that it is the service of the writ, and

not the officer's return on the writ, which binds the defendant.

Rule 8 of Rules of Practice for the Government of the Circuit Courts of Florida in Law Actions is as follows:

"The style of all process shall be 'The State of Florida,' shall bear teste in the name of the clerk (or judge) issuing it, be signed by him and bear date when issued, and when not otherwise provided specially by these rules or by law, shall be made returnable to the next rule day thereafter, unless there shall not be ten days intervening between the day of the issuing of the same and the next rule day, in which case the process shall be made returnable to the rule day in the next succeeding month. The service of process shall be made at least ten days before the rule day to which it is returnable. If from any cause the sheriff or other officer shall fail to execute the process, he shall return the same not served, with the reasons for such failure, to the rule day to which it is returnable; whereupon the clerk shall, unless otherwise directed by the plaintiff or his attorney, issue an *alias* or *pluries* summons, as the case may require, which shall be returnable and served as the original process is required to be. If, in the judgment of the plaintiff's attorney, the service is defective or irregular, he may direct an *alias* or *pluries* summons to be issued by the clerk, returnable according to law."

The last sentence of the rule is applicable to cases like that here under consideration and it was under that provision that the alias summons was issued.

The determination of question involved being entirely dependent on our construction of the Rule of Court above quoted, neither decisions from other jurisdictions or the principles of and rules of the common law governing the

issuance and effectiveness of the alias summons *ad res* in law actions can be of any controlling effect in this case.

Any attempted service of a writ which fails to be effective as service on the party who is sought to be bound is defective service whether it be so fatally defective as to be void or only so defective as to be voidable.

The record shows that the service of the original summons was made in such manner as not to constitute binding service on the defendant and that "in the judgment of plaintiff's attorney" the service was "defective." Under these conditions, plaintiff was entitled to have an alias summons *ad res* issued and served and proper service of that alias summons *ad res* on the defendant would be binding on the defendant named therein.

The motions to strike parts of the returns are severally overruled and denied. The motions to quash the returns are overruled and denied.

The returns are held sufficient and as they are supported by the transcript of the record of the proceeding in the court below, and Rule *Nisi* is discharged.

So ordered.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.

ELLIS, P. J., not participating.