PER CURIAM.
This cause came on to be heard on motion by petitioner for supersedeas pending the determination by this court of an appeal taken by it from an interlocutory order of the lower court, which appeal is hereby deemed to be and will be considered as a petition for the writ of certiorari. Section 59.45, Fla.Stat.1953, F.S.A.
The order brought here for review on certiorari was entered by the lower court in an injunction proceeding brought by petitioner against respondents to enjoin the respondent Union from picketing the San Marino Hotel, owned and operated by petitioner. The issue before the lower court on the complaint and answer filed by the respondent Union was whether the hotel employees had designated the Union as its bargaining agent. The Chancellor heard the testimony on this issue, but found that “there was not enough evidence produced by either side to determine this easily ascertainable fact.” He thereupon entered an order enjoining picketing by the Union and appointed a Commissioner to hold an election by secret ballot of the employees of petitioner as of June 15, 1955, “to determine the free choice of said employees as to their representation by defendant Union in the matter of labor-management relations * * The petitioner filed a “Notice of Appeal” from so much of the decree as provided for the holding of an election among petitioner’s employees and applied to the lower court for a stay of that portion of the decree. The lower court granted a stay as to the entire order, including the injunctive portion of the decree, and set the terms of such a bond, but declined to grant super-sedeas limited to the portion of the order sought to be reviewed. The application to this court followed.
30 F.S.A. Rule 19(10) of the Supreme Court Rules authorizes this court to review and overrule, modify or discharge an order of the lower court refusing to grant a su-persedeas or stay. We held in All Florida Surety Co. v. Coker, etc., Fla.1955, 79 So.2d 762, 765, that
*733 “The allowance or denial of super-sedeas in an appeal from a judgment or decree that is not wholly for the payment of money rests within the sound judicial discretion of the trial court, subject to review by this Court where the order entered on application for stay is deemed to be arbitrary or unreasonable.”
Measured by this standard, we think it was error to refuse to grant the relief sought. The petitioner points out that, unless supersedeas is granted, the election will be held and its right to have a decision on the question of whether the decree was erroneous in this respect will become moot and the object of its appeal defeated. Certainly, no sounder reason for the granting of supersedeas can be imagined.
Nor do we think that the trial court was justified in imposing, as a condition to the granting of supersedeas as to the portion of the order appealed from, a requirement that the injunctive portion of the decree also be superseded. The petitioner was not aggrieved by this portion of the order, and did not seek a review thereof. Cf. Lockleer v. City of West Palm Beach, Fla.1951, 50 So.2d 348, 349, where the appellant appealed from a final decree holding adversely to his contention that he was entitled to the title of an office and moved the court for an order fixing the terms and conditions of a supersedeas bond. The court granted the motion in part, but declined to supersede that portion of the final decree holding that his opponent was entitled to the office and requiring that he be recognized as such. We held that the trial court had no discretion to limit the appeal to “any one phase or different phases of the order appealed from” and that the superse-deas bond superseded “the decree appealed from in toto.” As applied to the particular facts in that case, there was no error in so holding — particularly in view of the statement in that opinion that “supersedeas pending the disposition of a cause on appeal is a matter of right * * (But see new Supreme Court Rule 19, and the opinion of this court in All Florida Surety Co. v. Coker, etc., supra, in which we interpreted new Rule 19 as allowing supersedeas as a matter of right in only two classes of appealable judgments or decrees: namely, final money judgments or decrees, and certain judgments and decrees in probate and guardianship proceedings and cases involving estates of infants.)
The facts in this case are different. This is not an appeal from a final decree or judgment; the petitioner is seeking review of an interlocutory order in chancery in two parts: (1) a prohibitory injunction against picketing, and (2) a mandatory order to hold an election. These two parts are clearly severable and, in our opinion, it was within the discretionary power of the Chancellor to grant supersedeas as to the mandatory portion of the order and, at the same time, preserve the status quo by allowing the injunctive provision of the order to stand pending the review of the order in this court. See 3 Am.Jur., Appeal and Error, Sec. 558, page 206.
We are cognizant of the fact that the lower court, in denying petitioner’s request for supersedeas limited to the phase of the order brought here for review, stated that he did so for the reason that “the whole order is bound up together for the one purpose of providing a free determination of what the facts were”; yet we cannot escape the conclusion that the practical effect of the denial was to place petitioner between the proverbial rock and the whirlpool. If it supersedes the entire order, its hotel business will be immediately subjected to the harassment of a picket line; and if, in order to protect its hotel from the picket line, it does not do so, the way will be open for the holding of the election, -the legality of which is under attack in this court. An order which places the petitioner on the horns of such a dilemma is, in our opinion, an unreasonable exercise of the judicial discretion reposed in the Chancellor by Rule 19.
Accordingly, supersedeas is granted, staying that part of the order appealed from which provides for the holding of an election and to become effective upon the posting of supersedeas bond in the amount of $5,000, conditioned that such petition *734 for certiorari shall be duly presented to this court within 20 days and to pay all costs, damages and expenses occasioned by reason of the stay of proceedings in .event the order or judgment of which a review is sought is not quashed, modified or reversed, the bond to be approved by the Clerk of the Circuit Court of Dade County.
DREW, C. J., and TERRELL, THOMAS and ROBERTS, JJ., concur.