CARROLL, DONALD, Judge.
The appellee, plaintiff below, on June 18, 1957, filed an action in the Circuit Court for Duval County against the appellant, Marine Transport Lines, Inc., a Delaware corporation, under the “Jones Act” (46 U.S.C.A. § 688) for injuries sustained by him on September 8, 1954. A summons at law, addressed to appellant, was issued on the day the complaint was filed, but was not attempted to be served until September 2, 1958, when the summons was served on D. F. Pierce, master of the vessel S. S. Marine Courier, then in the harbor of Jacksonville, Duval County. Appellant then filed a motion to dismiss the complaint on the grounds of lack of jurisdiction over the person and subject matter and insufficiency of service of process and other grounds mentioned in Rule 1.11(b) of the Florida Rules of Civil Procedure, 30 F.S.A. together with affidavits of an officer of appellant and the said Pierce, the substance of which affidavits was that Pierce and the vessel had no connection with appellant. After notice and hearing the court granted the motion because of the lack of service of process upon appellant, and granted leave to appellee to have alias summons issued for proper service upon appellant. In accordance therewith, alias summons was issued and served on Captain R. H. Pierce, master of the S. S. Marine Pioneer on August 28, 1958, a vessel then in Duval County. Again, appellant filed a motion to dismiss the complaint on the same grounds as in the earlier motion, together with affidavits of 'one of its officers and Captain R. H. Pierce, which were in substance similar to the earlier affidavits, to the effect that this master and his vessel were not connected with appellant. Again, the court granted the motion for lack of service of process on appellant and gave leave to appellee to have another alias summons issued. From this order appellant has taken this interlocutory appeal.
Appellant’s points on appeal are that the Circuit Court erred in the last-named order in failing to grant appellant’s motion to dismiss for lack of jurisdiction over appellant and in giving appellee leave to have alias summons issued.
To understand the tactical positions of the parties, it may be pointed out that at the time this appeal was filed, the statute of limitations had run against appellee’s claim, so that he would be foreclosed from filing any new action upon the claim.
 The order appealed from comes to rts with the presumption of validity, and the principal question before us is whether the circuit judge abused his discretion in granting leave to appellee to have a second alias summons issued, after two previous attempts at serving process upon appellant had been unsuccessful. We are not prepared to say that he abused his discretion in this regard.
Every court has the prerogative and duty to see that its processes are not abused. If a suit is filed obviously and solely for the purpose of avoiding the bar of a statute of limitations, in a jurisdiction distant from the place of residence and operations of the defendant, and repeated efforts at service of process have failed, with no hope or likeli *712 hood of ever effecting service in the jurisdiction, a situation might develop in which the court could, in the exercise of a sound discretion, dismiss the suit and decline to order the issuance of additional alias summonses. In this case there was no evidence in affidavit form or otherwise before the court showing that there was no or little likelihood that appellant could be served with process either in the near or distant future. For aught that the affidavits show, numerous officers and agents of appellant could daily be in the State of Florida and many of its vessels could regularly be in the ports of the state.
Upon whom should the burden rest to submit proof on the question of the likelihood of successful service of process in a case of this kind? To us it seems more reasonable to impose this burden upon the defendant, which normally would be in an infinitely better position than a plaintiff to have knowledge as to the likelihood of successful service of process upon the defendant, because of the latter’s usually exclusive knowledge of its present and future operations.
Judges WIGGINTON and CARROLL, constituting the majority of this Court, hold that this Court has jurisdiction of this appeal, and Judge STURGIS is of the contrary opinion. In the light of the majority holding on that proposition, Judge STURGIS concurs with Judge CARROLL in holding that the circuit court has not abused its discretion in entering the order appealed from, and it is
Affirmed.
STURGIS, J., concurring specially.
WIGGINTON, Chief Judge, dissents.