CARROLL, CHAS., Judge.
The appellants, as plaintiffs below, sued appellees to set aside a prior mortgage foreclosure decree and sale. A principal ground depended upon was that there had been no service of process upon them in the foreclosure suit. This appeal is from a summary judgment adverse to the appellants.
Appellees relied on a return of service indicating that service had been made on appellants at their place of residence in North Miami, at 8:00 o’clock p. m. on a certain date, by serving the appellant Harry Rumpf personally, and by serving him for his wife. In addition to submitting the return, appellees presented an affidavit of the deputy sheriff which restated the facts of the return without giving any material information more than was shown on the return itself.
In opposition, the appellants relied on the facts disclosed in the discovery deposition which had been taken of the plaintiff Rumpf, indicating that appellants had been working to make ready a restaurant they were going to open in a new motel at Hal-landale in Broward County, and that for a period of time prior to and after the date in question they were away from their home from early morning until after 9 :30 or 10:00 o’clock at night; that another couple was occupying the Rumpf’s house with them at the time. In his deposition Rumpf also had indicated that he and his wife had stayed overnight at the new motel in Hallandale a number of nights, and that the night of the alleged service may have been one of those nights. At the time of the hearing Rumpf’s counsel presented an affidavit by the owner of the new motel verifying the fact that the Rumpfs had stayed in Hallandale on the night on which the service purportedly was made upon them in North Miami. The court rejected that affidavit as having been filed too late. The exclusion of that affidavit was not fatal to appellants since Rumpf’s own statement of the matter was that even on the days when they slept at home, for a period before and after the service date, they left their house early in the morning and did not return until an hour or more later than 8:00 o’clock p. m. In addition, Rumpf denied having been served for himself or his wife.
We conclude that there were genuine issues of fact relating to the service of process on the appellants as defendants in the prior foreclosure suit. We have not overlooked the rule that a return of due *239 service of summons in the matter prescribed by law is conclusive as to the jurisdiction of the parties, unless it is impeached by satisfactory evidence, and that a party seeking to show falsity of a return has the burden of establishing it by clear and convincing proofs. 25 Fla.Jur., Process, § 66. But the need to satisfy a higher quantum of proof does not change the rule that where there is a genuine issue to be resolved as to any material fact, a summary judgment should not be entered. Rule 1.36(c), F.R. C.P., 30 F.S.A.
“ * * * [I]n Largay Enterprises Inc. v. Berman, Fla.1952, 61 So.2d 366, 371, it was said that ‘it is the service of the writ, and not the sheriff’s return, which gives the court jurisdiction over the defendant.’ See also State ex rel. Briggs v. Barns, 1935, 121 Fla. 857, 164 So. 539, 542.
“Many other decisions of this court show clearly that the officer’s return is no part of the service — either to add to or detract from it — but is merely evidence to enable the trial judge to conclude that the court has acquired jurisdiction of the person of the defendant, or has not done so, as the case may be. There may be valid service and a defective return, see Largay Enterprises Inc. v. Berman, supra; or there may be invalid service and a return showing valid service, see McIntosh v. Wibbeler, Fla.1958, 106 So.2d 195. In either case it is the fact of valid service — or the fact of invalid service — as shown by the evidence, that is controlling insofar as the question of jurisdiction over the person of the defendant is concerned, and not the officer’s return on the writ. * * Klosenski v. Flaherty, Fla.1959, 116 So.2d 767.
The issue involved here was genuine and related to material facts. There was more than a simple denial of the service. Opposing the evidentiary effect of the return of service, there was' evidence which, if established and believed by the court, could show that the parties who were indicated by the return as having been served with process were not in the county at the time the service purportedly was made. Also, there was the evidence that another couple was occupying the house, and the presence there of that other man could serve as an explanation for a mix-up in service and the return of service, if one occurred.
Accordingly, the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
HORTON, C. J., and PEARSON, J., concur.