WIGGINTON, Judge.
Appellants were defendants in the trial court and there suffered an adverse final decree by which the principal appellant, Polar Ice Cream & Creamery Company, a Florida corporation, was enjoined from doing business as a milk distributor as defined by Chapter 501, Florida Statutes, F.S. A., which statute creates and prescribes the powers and duties of the Florida Milk Commission.
On January 18, 1963, the Florida Milk Commission, after hearing testimony and evidence submitted both by the Commission and by Polar, entered an order finding that Polar was guilty of violating several regulatory provisions contained in and prescribed by F.S. Chapter 501, F.S.A., and because of such violations revoked Polar’s license to operate as a milk distributor in Florida. The Commission’s order of revocation was affirmed by this Court by opinion denying certiorari filed August 1, 1963.[1] During the pendency of that cause in this Court, Polar continued to operate its business as a milk distributor in Escambia County by virtue of having superseded the Commission’s order of revocation pending appellate review. Polar’s license to carry on its business as a milk distributor expired prior to the rendition of this Court’s opinion denying certiorari, but no further steps were taken by the Commission to restrain Polar from carrying on its business until final disposition of the review in this Court.
After the going down of this Court’s mandate denying Polar’s petition for writ of certiorari, the Commission instituted an action in the Circuit Court of Leon County seeking an injunction restraining Polar from continuing to operate as a milk distributor on the principal ground that its prior license issued by the Commission had been lawfully revoked in addition to having expired by its terms, and that no new license to carry on its milk distributing business had been issued it by the Commission. Upon final hearing the chancellor entered the decree appealed.
Subsequent to the entry of the final decree, and after filing a notice of appeal, Polar moved the trial court for an order granting supersedeas and fixing the terms and conditions thereof, which motion was denied. Polar now seeks review of said denial contending (1) that it is entitled to supersedeas as a matter of right and the trial court’s denial constitutes a departure from the essential requirements of law; and (2) that under the facts and circumstances shown by the record in this case, *674 the trial court abused its discretion in denying its motion for supersedeas.
We first address ourselves to the question of whether a party appealing a final judgment or decree, which is in whole or in part other than a money judgment, order or decree, is entitled to supersedeas as a matter of right as contended by appellant.
The provisions of law governing super-sedeas on appeal is Rule 5 of the Florida Appellate Rules, 31 F.S.A. Rule 5.2 of the rules provides that every appeal taken from a final decision, judgment or decree shall operate as a stay or supersedeas upon posting bond under the conditions specified herein.
Rule 5.3 provides that supersedeas is a matter of right when the appeal is from a final money decision, judgment or decree, or where it is taken in a proceeding in probate, guardianship or involving the estates of infants.
Rule 5.10 provides that if a lower court refuses to grant a supersedeas or stay, or if any bond required by the court is deemed to be arbitrary or unreasonable or such is for any other reason not proper, the order of refusal, or the order fixing the terms and conditions of the bond, may be reviewed and overruled, modified or discharged by the appellate court on motion after notice of hearing.
Rule 5 of our present Florida Appellate Rules is in all material respects identical with Supreme Court Rule 19 which was in effect prior to the adoption of our present rules of appellate procedure. In construing Supreme Court Rule 19, that Court, in the All Florida Surety Company case,[2] held that supersedeas as a matter of right is accorded by the rule to only two classes of appealable judgments or decrees; namely, to final money judgments or decrees, and to certain judgments and decrees, entered in probate and guardianship proceedings and cases involving estates of infants. It was further held that the allowance or denial of supersedeas in an appeal from a judgment or decree other than that class of judgments or decrees where supersedeas is a matter of right, rests within the sound judicial discretion of the trial court, subject to review by the appellate court where the order is deemed to- be arbitrary or unreasonable.
The above-stated interpretation of the appellate rules relating to supersedeas as pronounced by the Supreme Court in the All Florida Surety Company case was reaffirmed in the later case of Thomas Jefferson, Inc.[3]
Subsequent to the adoption of Rule 5 relating to supersedeas on appeal as embodied in our present Florida Appellate Rules, the question now considered was again presented to the Supreme Court for decision.[4] In that case the appellants sought review of a final decree in chancery which, among other things, enjoined appellants from committing certain specified acts against appellees. Upon denial of the appellants’ motion for an order granting su-persedeas, appellants sought review thereof by motion in the Supreme Court. In affirming the chancellor’s order denying su-persedeas, the Court held that under the circumstances of that case the chancellor did not abuse its discretion. By inference it must be said that the Froelich decision stands for the proposition that if the appeal is from a decree which is not in whole or in part a money decision, judgment or decree, or one rendered in an estate or guardianship proceeding or involving the estates of minors, supersedeas is not a matter of right and that the granting- or denial *675 thereof rests in the sound discretion of the chancellor.
The case sub judice is likewise an appeal from a final decree in chancery enjoining appellant from committing certain specified acts. It is our interpretation of the foregoing authorities, and our construction of the applicable rules of appellate procedure relating to supersedeas on appeal, that appellant is not entitled to super-, sedeas as a matter of right.
Lastly, we direct our attention to the remaining contention urged by appellant to the effect that in denying supersedeas, the chancellor abused his discretion. A careful examination of the decree appealed reveals that after appellant’s license granted by the Commission to conduct the business of milk distributor in this state was lawfully revoked, and furthermore had expired by its terms, appellant continued to carry on the business of distributing milk in Escambia County. It was because of appellant’s insistence upon carrying on a business subject to license and regulation by the Commission at a time when it was not the holder of a valid license as required by law that the injunction contained in the decree appealed was sought and granted. To allow supersedeas pending this appeal would be tantamount to issuing appellant a provisional license to continue in its conduct of a highly sensitive and closely regulated business, when permission to do so has been refused by the former decision and mandate of this Court. It is therefore our view that in consideration of all the facts and circumstances surrounding appellant’s stormy and turbulent relationship with the Commission, and the prior adjudication of their differences by courts of competent jurisdiction in this state, it has not been made to appear that the chancellor abused his discretion in denying appellant the right to supersedeas pending this appeal. The denial is accordingly affirmed.
STURGIS, C. J., and CARROLL, DONALD K., J., concur.

. Polar Ice Cream & Creamery Company v. Andrews, Jr., et al., Ma.App.1963, 155 So.2d 716.

. All Florida Surety Company v. Coker, et al., Fla.1955, 79 So.2d 762, 765.

. Thomas Jefferson, Inc. v. Hotel Employees Union, Fla.1955, 81 So.2d 731.

. Froelich et al. v. Rowley, Fla.1958, 102 So.2d 720.