181 So.2d 169 (1965)
SUNRISE BEACH, INC., a Florida corporation, Appellant,
v.
R.S. PHILLIPS and Lois R. Phillips, husband and wife, Appellees.
Nos. 6220, 6406.
District Court of Appeal of Florida. Second District.
December 23, 1965.
*170 James R. McAtee, of Lovell & McAtee, Merritt Island, and George T. Kelly, III, Cocoa Beach, for appellant.
James L. Graham, of Cowart & Ritchie, Cocoa, for appellees.
SHANNON, Acting Chief Judge.
These consolidated cases in numbers 6220 and 6406 are appeals from interlocutory orders at law relating to jurisdiction over the person of the defendant corporation.
The Phillips, appellees here, sued the appellant-corporation in an action to recover on a promissory note. A summons was issued which named Sunrise Beach, Inc., a Florida corporation, as the defendant. The sheriff's return showed that it was served on A.J. Hosemann, Jr., vice president "in the absence of the pres., secy., treas. or other officer of said corporation." The corporation moved to dismiss on grounds of insufficiency of service of process and lack of jurisdiction over the person. At the hearing on the motion the corporation produced an affidavit by Mr. Hosemann that he had resigned as vice president and severed all connections with the corporation prior to the issuance of the summons and service of process and that the plaintiffs had knowledge of these facts before suit was filed. The trial judge denied this motion to dismiss, and the corporation filed an interlocutory appeal, designated here as number 6220. Subsequently the lower court granted supersedeas, pursuant to the provisions of Florida Appellate Rule 5.1, 31 F.S.A., and the corporation posted bond as set.
The Phillips then proceeded to obtain an alias summons in the same cause from the Clerk of the Circuit Court, which summons was duly served upon Ruth Holt, president of Sunrise Beach, Inc. The corporation moved to quash this service and return on two grounds: 1) that the clerk was without authority to issue a summons since the circuit court's jurisdiction in the case had been lost to the appellate court upon filing of the notice of appeal; and 2) that all proceedings *171 below were stayed by the supersedeas. The trial judge denied this motion to quash, from which a second interlocutory appeal was taken by the corporation. This is case number 6406 here.
As to the first appeal, it appears from the uncontradicted affidavit of Hosemann that he was in no way connected with the corporation, and further, that the plaintiffs were well aware of this fact. The method for obtaining service of process upon a private corporation is set out in Fla. Stat., Sec. 47.17, F.S.A., as follows:
"Process against any corporation, domestic or foreign, may be served:
"(1) Upon the president or vice-president, or other head of the corporation; and in the absence of such head:
"(2) Upon the cashier, treasurer, secretary or general manager; and in the absence of all the above:
"(3) Upon any director of such company; and in the absence of all of the above:
"(4) Upon any officer or business agent, resident in the state."
It is clear from his affidavit that Hosemann falls into none of the above categories, and therefore the court acquired no jurisdiction over Sunrise Beach, Inc., through the service of process on Hosemann. We hold, therefore, that the trial judge erred in denying the first motion to dismiss and we reverse the order appealed in number 6220.
The appeal in number 6406 raises three distinct issues, which pertain to the authority of the circuit court clerk to issue an alias summons against a defendant 1) already served with a supposedly valid summons; 2) in a case in which interlocutory appeal has been taken from the order relating to the validity of the service of process; and 3) when supersedeas has been ordered pending appeal. We deal with these issues seriatim.
By virtue of Fla.R.Civ.Proc. 1.12, 30 F.S.A., motions and applications in the clerk's office for the issuance of mesne process are deemed to be grantable "of course" by the clerk. Mesne process signifies any writ or process issued between the commencement of the action and the suing out of execution, and includes the writ of summons. Black, Law Dictionary, (4th ed. 1951). Rule 1.12 also provides that the clerk's action on summons "may be suspended or altered or rescinded by the court upon special cause shown." Aside from the supersedeas, to be discussed infra, there was no court action in this case suspending the clerk's authority regarding summons, so unless barred by some other provision of law, the alias summons was properly issued.
It does not appear logical to state that merely because Sunrise Beach, Inc., had purportedly been served with process, a second service of process was precluded when there was some doubt as to the validity of the first service. Moreover, issuance of an "insurance summons" has received tacit approval by our Supreme Court in two recent decisions, Punta Gorda Ready Mixed Concrete, Inc. v. Green Manor Const. Co. Inc., Fla. 1964, 166 So.2d 889, and Klosenski v. Flaherty, Fla. 1959, 116 So.2d 767, 82 A.L.R.2d 664. In Klosenski the summons was served and then was lost. The court held that the original writ was sufficient for the court's acquisition of in personam jurisdiction, but observed that:
"* * * [I]n the case of a defendant who remains within the jurisdiction of the court and amenable to personal service, or one who has left the state but is, by statute, amenable to substituted personal service (as was the defendant in the instant case under § 47.29 (1), Fla. Stat., F.S.A.) it would seem to be the safer and better procedure to proceed anew to obtain personal service on the defendant. * * *" Klosenski, supra, at 770.
It follows therefore that the mere fact of service of process, especially one in which *172 there is some suspicion of invalidity, does not bar issuance of a second summons by the clerk. See State ex rel. Briggs v. Barnes, 1935, 121 Fla. 857, 164 So. 539. Compare Punta Gorda Ready Mixed Concrete, Inc., supra, with the procedure formerly employed under Fla. Stat., Sec. 50.03, F.S.A., (repealed) for pluries summons, explained in Largay Enterprises Inc. v. Berman, Fla. 1952, 61 So.2d 366.
Appellant has also contended that the provisions of Fla.R.Civ.Pro. 1.3(d) preclude issuance of an alias summons until a prior summons has been returned not executed or returned improperly. It appears to us that the above cited rule is inapplicable to the present situation because the rule is entitled "Numerous Defendants," whereas here we have only one defendant. Both the Punta Gorda and Klosenski cases noted above were decided after Rule 1.3(d) was adopted and neither case indicates that the Numerous Defendants Rule would be applicable to a single defendant situation. We conclude therefore that the predicates necessary for issuance of alias summons under Rule 1.3(d) are not essential to the issuance of such summons where there is only one defendant. Cf. Marine Transport Lines, Inc. v. Green, Fla.App. 1959, 114 So.2d 710, 717 (dissenting opinion).
The second issue is whether the lower court had the power to authorize the issuance of an alias summons when interlocutory appeal has been taken. We note that the filing of a notice of appeal does not oust the lower court of power to proceed with those portions of the case which are not involved with the points raised on appeal, since "[t]he nature of a cause and of the order or decree appealed from might be such that, subject to the appeal, the trial court may properly take further judicial proceedings in the cause * * *." Willey v. W.J. Hoggson Corp., 1925, 89 Fla. 446, 450, 105 So. 126, 128. Appropriate spheres of a lower court's activity while appeal is pending are those "other proceedings in the cause that would not tend to impair or to interfere with the appellate jurisdiction and power of the [appellate] Court, or to defeat the efficacy of the appellate proceedings already duly taken * * *." Willey, supra, 105 So. at 129. Matched against this standard, we are unable to say that the clerk of the lower court was without authority to issue an alias summons when appeal has been taken from an order holding a prior summons valid. The issuance and service of a second summons was not an encroachment upon the appellate court jurisdiction relative to determining the validity of a prior summons. See Coyle v. S. Bobo Dean Corp., 1927, 94 Fla. 637, 114 So. 526; Waring v. Bass, 1918, 76 Fla. 583, 80 So. 514.
The third, and most troublesome issue, is whether the order of supersedeas prevented the court from acting further in the cause, and specifically, whether the second summons should have been quashed on the grounds that supersedeas prevented issuance of any additional summons.
The granting of supersedeas when appeal is taken from an interlocutory order is discretionary with the trial judge. Florida Appellate Rule 5.1. The provisions of Rule 5.1 were derived from, and are substantially the same as, former Supreme Court Rule 19. Polar Ice Cream & Creamery Co. v. Andrews, Fla.App. 1964, 159 So.2d 672. Interpreting Rule 19, the Florida Supreme Court in Thomas Jefferson, Inc. v. Hotel Employees Union Local 225, Fla. 1955, 81 So.2d 731, held that the interlocutory order there appealed was severable and that it was within the chancellor's discretion to grant supersedeas as to only a portion of the order. The import of this case requires us to examine the supersedeas order in the instant case to determine the scope of its effect on the proceedings below. Bearing in mind that the first appeal was from an order denying the corporation's motion to dismiss on grounds of lack of jurisdiction over the person and insufficiency of service *173 of process, we look to the supersedeas order, which provided in part:
"* * * [T]hat the interlocutory appeal from the order on April 5, 1965, shall operate to supersede the same and stay all further proceedings thereunder in this Court pending the determination of the interlocutory appeal * * *." (Emphasis added).
The "proceedings thereunder" seemingly relate to any further action by which the corporation would be required to submit to the jurisdiction of the court by virtue of the protested service of process on Hosemann. By posting bond, the corporation acquired the right to a stay of other proceedings stemming from that first service, but it does not necessarily follow from the terms of the order that all proceedings in the cause were suspended by the supersedeas.
We do not place sole reliance on our interpretation of the order, however, because the case law in this state also supports the view that supersedeas does not stay all proceedings. In State ex rel. Florida Warehouse & Dock Co. v. Gibbs, 1914, 68 Fla. 334, 67 So. 104, the Supreme Court stated that:
"The law does not permit the same cause of action to be litigated in the same case between the same parties at the same time in the courts of original and appellate jurisdiction, when the action of the court of original jurisdiction has been stayed by a supersedeas duly or regularly obtained.
* * * * * *
"The vice here is in ordering the defendant to proceed to litigate the amended bill of complaint, before it had forfeited its right to have this court determine some at least of the same issues of law presented by both original and amended bill." (Emphasis added). Gibbs, supra, 68 Fla. at 335, 67 So. at 105.
The case before us is clearly distinguishable from the situation prohibited by Gibbs, in that the order appealed here was in no way related to the cause of action. Moreover, the situation here does not fall within the "vice" referred to by the Supreme Court, because subsequent proceedings arising out of another service of process would not be connected with the same issues raised by appealing the sufficiency of a prior service. There is no relation between the issue of jurisdiction over Sunrise Beach, Inc., acquired by service on Hosemann as compared with jurisdiction acquired by service on Ruth Holt.
We are further persuaded by the case of State ex rel. Martarano v. Robles, 1933, 109 Fla. 528, 147 So. 910. The issue there was whether an appeal from an order denying a motion to vacate a receivership, accompanied by a general supersedeas order not limited in its terms to the interlocutory order appealed, operated to stay all proceedings below. The court held that the supersedeas order, absent a clear intent to stay all "other proceedings," operated only to stay the particular order appealed, and did not bar other litigation in the foreclosure action. The rationale which we deem controlling was expressed as follows:
"Our conclusion on this point is that since a supersedeas is ordinarily to stay or suspend the execution of a decree already rendered, and not to suspend other proceedings in the cause further adjudicating the rights of the parties, unless to do so would, in effect, be carrying out the order of court that is superseded, that when an appeal is taken from an interlocutory order * * the appeal taken operates only as a supersedeas of the interlocutory order appealed from, and does not necessarily bar the right of the parties to otherwise proceed with the litigation in the court below in so far as such litigation may be lawfully proceeded with in due course, without having to depend upon the superseded order appealed from in *174 order to justify such further proceedings as being according to law and equity practice. Continental National Building & Loan Ass'n v. Scott, 41 Fla. 421, 26 So. 726. The real effect of an appeal with supersedeas is to suspend the power of the court below to make any order tending towards an extension or enforcement of the order appealed from. Carr v. Marion Mortgage Co., 99 Fla. 540, 128 So. 12. It does not interfere with the power of the court of original jurisdiction to make such further orders or decrees in the cause as do not tend toward an execution or enforcement of the order or decree appealed from, nor place the funds or property involved beyond the judgment or decree of the appellate court. McKinnon-Young Co. v. Stockton, 53 Fla. 734, 44 So. 237." (Emphasis added). Robles, supra, 109 Fla. at 532, 147 So. at 911.
Applying our facts to the principles expressed in Robles, supra, we hold that the supersedeas order here did not stay all "other proceedings" and therefore an alias summons was proper.
We believe this result, while still preserving "the subject of the litigation so that the appellate jurisdiction may be effective." Willey v. W.J. Hoggson Corp., supra, both enforces the intended effect of the supersedeas and operates to prevent unnecessary delay while appeal is pending. As a practical matter, there has been no issue raised as to the sufficiency of the second service of process on the corporation, and we assume that this service on Ruth Holt was good as to the corporation. To require a plaintiff to wait until the disposition of an interlocutory appeal on a point relating to service of process, when jurisdiction could be perfected by a second summons, would be an exercise in unrealistic legalism. See Punta Gorda Ready Mixed Concrete, Inc., supra. Neither the filing of the appeal nor the supersedeas dictate such a result.
Accordingly, the order appealed in 6220 is reversed, while the order in 6406 is affirmed.
LILES and KANNER (Ret.), JJ., concur.