ORDER ON MOTION FOR STAY
PER CURIAM.
Terrell Oil Company (Terrell) was certified by the Florida Department of Transportation (DOT) in January, 1986, as a disadvantaged business enterprise (DBE). Terrell applied for renewal of its certification in September, 1987. The agency conducted an investigation and determined that the renewal application should be denied and so notified the applicant. Terrell requested a formal administrative hearing; the matter was referred to the Division of Administrative Hearings which conducted a hearing in August, 1988. A recommended order issued in November which found that Terrell did not meet the statutory criteria for certification as a DBE. The agency accepted the recommendation with one exception not relevant here and rendered a final order on December 19, 1988, that denied Terrell’s application. Terrell then timely appealed to this court and moved the agency to stay its order during the appeal. The motion was denied because of the “overwhelming evidence relied upon by the Hearing Officer in concluding that Terrell Oil Company is not an independent business entity....”
Terrell has now asked this court to issue a stay order, relying on section 120.-68(3), Florida Statutes, which provides that:
The filing of the petition does not itself stay enforcement of the agency decision, but if the agency decision has the effect of suspending or revoking a license, su-persedeas shall be granted as a matter of right upon such conditions as are reasonable, unless the court, upon petition of the agency, determines that a supersede-as would constitute a probable danger to the health, safety or welfare of the state.
The agency has responded in opposition to the stay, arguing that the hearing officer’s *715 finding that Terrell is, in DOT’S words, a “sham”, is presumptively correct. Appel-lee contends that to stay the order and allow Terrell to remain certified would deleteriously affect the welfare of the state and make a mockery of the DBE program.
We find it unnecessary to reach the merits of appellee’s arguments because we do not find that the order appealed is one that “has the effect of suspending or revoking a license.” Indeed, it is clear under the applicable statute and the rules implementing it that a DBE certification is of finite duration and that the enterprise must submit a complete updated application in order to remain certified. See section 337.-14(4), Florida Statutes; FAC Rule 14-78.-007(3) and (4). We find a qualitative difference between the type of order appealed here that denies renewal of an license that has expired or is about to expire and one which suspends or revokes an active license. Accordingly, we find that the “stay as a matter of right” of section 120.68(3) is unavailable to Terrell. Additionally, we find the agency did not abuse its discretion when it denied Terrell’s request to stay the order, Polar Ice Cream & Creamery Co. v. Andrews, 159 So.2d 672 (Fla. 1st DCA 1964).
Motion denied.
SMITH, C.J., and SHIVERS and BARFIELD, JJ., concur.