## TAYLOR *v.* COBLEIGH.

Where the service of a writ has been completed, but the writ lost before the return day, leave will be granted to file a new one.

IN this case the plaintiff caused a writ to be made, and delivered the same 'to a deputy sheriff of this county for service, who thereon attached certain lands of the defendant, and lodged a copy of said writ with a copy of his return thereupon with the town-clerk of the town in which the lands lie, and the writ was afterward lost by the deputy, and was not found at the return day thereof nor at any time during the term.

At the term at which the writ was returnable, the counsel for the plaintiff moved for leave to file a new writ, to granting which motion the defendant objected.

*Hibbard & Bellows*, for the defendant. *Mattocks* v. *Bishop* covers this case. The court will not grant leave to file a new writ unless the old one has been filed.

We suppose the reason for refusing leave in such cases is that the practice would open the door to fraud and imposition. If the writ has been on file it may be supposed that the other party knows its contents, and so is in no danger of such imposition. The power has been questioned.

*Goodall & Morrison*, for the plaintiff.

WOODS, J. In *Mattocks* v. *Bishop*, reported in the 4th volume of our reports, page 439, it was decided that if a writ has never been placed on the files of the clerk and is lost, no leave to file a new writ will be granted. This was upon the ground that the omission to file the writ at

the time of the entry of the action, was laches on the part of the plaintiff, and the court adopted the ordinary rule and determined that they would not interfere in the exercise of their judicial discretion to relieve the party from his own laches or from that of his attorney.

The loss in that case was entirely attributable to the neglect of the party or of his attorney to file the writ; and to correct a loose practice in relation to the filing of writs with the clerk, the court determined to withhold the exercise of its discretion in such cases, and let the loss fall on him who is in fault.

But that case most distinctly recognizes the power of the court in the exercise of its discretion, to grant leave to file new writs in case of loss; and such has without doubt been the practice. Assuming then that the court have the power to grant the leave asked for, the question is whether this is a proper case for its exercise.

No negligence appears to be attributable to the plaintiff or to his attorney. They pursued, for any thing that appears, a course that was strictly regular. The writ was delivered to the officer for service, whose legal duty it was to serve and return it without any agency of the party. He had proceeded so far in the exercise of this duty as to make the service, but before the return day casually lost the writ. It does not appear that the officer was in fault; but if it did, that ought not to prejudice the condition of the party who was not privy to the fault.

The party therefore stands in the predicament of one who might, without the interposition of the court in the form moved for, be deprived of the benefit of proceedings which he has commenced for the assertion of a right and for the security perhaps of a claim, that but for the attachment might be lost, and this too without any fault of his own, but while his writ was in the proper custody and in the course of a strictly regular proceeding.

Such certainly is a case in which the court would go far to grant relief, if they have the power to do so.

It has been argued, that to grant the leave asked for in this case, would open a wide door to fraud. In a case fraught with manifest danger of fraud or of injury to the defendant, or to subsequent attaching creditors or others, no doubt the court would withhold the exercise of its discretion; as for instance, in a case in which the copy of the writ should also be lost and its contents could not be most definitely fixed by proof not open to reasonable doubt as to its truth or accuracy.

But this is not such a case. Here is the certified copy of the writ, which was left with the town-clerk in the attachment of the real estate. Proof then exists of the contents of the lost writ, which is not open to reasonable doubt. We have no doubt therefore that leave to file the new writ should be granted.