ARTHUR R. ALDRICH *v.* CHARLES H. WEEKS, HENRY W. LUND AND WILLIAM H. WALKER.

*False imprisonment by service of defective writ. Lost declaration. R. L. s.* 1172.

Weeks employed Lund to make a justice writ for the arrest of the plaintiff on *mesne* process. Lund delivered the writ to Walker to serve. Walker arrested the plaintiff, then suffered him to go at large, and finally rearrested him upon the same process. The writ was regular when delivered to Walker and when the first arrest was made. Before the second arrest the declaration had become detached and lost. The three are jointly sued for false imprisonment. *Held,*

1. That Weeks and Lund could in no way be liable.

2. That Walker, after having suffered the plaintiff to go at large, might arrest him the second time upon the same process, provided that process continued valid.

3. That the loss of the declaration, after service begun, did not render the process fatally defective, but that the justice might, upon the return day, take jurisdiction and allow a new declaration to be supplied under R. L. s. 1172.

This was an action for false imprisonment, and was heard upon the report of a referee at the September Term, 1887, of the Essex County Court, ROYCE, Ch. J., presiding. Judgment *pro forma* for the defendants. Exceptions by the plaintiff. The facts appear in the head-notes and opinion.

*Geo. N. Dale,* for the plaintiff.

The writ was fatally defective in that it contained no declaration. *Church* v. *Westminster,* 45 Vt. 38.

Having suffered the plaintiff to go at large, the officer could not a second time arrest him upon the same process. *Houghton* v. *Wilson,* 10 Gray, 365.

*Bates & May* and *H. W. Lund,* for the defendants.

This writ was not void, but at most, merely defective. A *defective* writ will not render the officer liable. *Langford* v. *B. & A. R. R. Co.,* 11 N. E. Rep. 697; s. c. 144 Mass. 431;

Addison Torts, s. 921; *Wood* v. *Kinsman,* 5 Vt. 588; *Chase* v. *Plymouth,* 20 Vt. 469; s. c. 50 Am. Dec. 52; *State* v. *McNally,* 34 Me. 210; s. c. 56 Am. Dec. 650; *Cody* v, *Quinn,* 1 Ir. L. 191; s. c. 44 Am. Dec. 75; Cooley Torts, 172.

A new declaration might be supplied before the justice. R. L. s. 1172.

The officer might retake the plaintiff. *Coffrin* v. *Gardner,* 1 Gray, 159; *Taylor* v. *Knowlton,* 10 Allen, 137; *Churchill* v. *Churchill,* 12 Vt. 661; *McMahon* v. *Edgerton,* 34 Vt. 77; *Bronson* v. *Noyes,* 7 Wend. 188; *Foster* v. *Collamer,* 10 Vt. 466.

The opinion of the court was delivered by

TAFT, J. The plaintiff was arrested as an absconding debtor, upon *mesne process* in favor of the defendant, Weeks; Lund, an attorney, made the writ, and Walker, a sheriff, made service of it by arresting the plaintiff. The three are sued in this action, in trespass, for false imprisonment. Neither Weeks nor Lund gave any directions to Walker, further than to serve the writ and do his duty. The referee finds that the writ was not defective when issued and when the arrest was made, and that all the defendants acted in good faith. Upon these facts Weeks and Lund are not liable: *Carleton* v. *Taylor,* 50 Vt. 220; and as the writ was valid at the time of the arrest, the defendant, Walker, is not liable in respect of that. While the plaintiff was under arrest, Walker told him that he might go, and he did go, but in a short time Walker recaptured him and held him until the return day of the writ, when the justice took jurisdiction of the suit and continued the case. The suit was subsequently ended by the entry of a non-suit. At the time of the retaking of the plaintiff, the declaration in the writ had become detached and was lost, and the question is made whether the officer was justified in retaking him. If the officer, at the time of the retaking, had not lost the declaration, he could legally retake the plaintiff. The object of *mesne process* is essentially different from that of final process or execution; one is to compel the appearance of

the party in court; the other to satisfy the demand of the plaintiff. In one the command is to take the body "and him safely keep so that you have him to appear" on the return day of the writ; in the other it is to take the body of the debtor, and him commit to the keeper of the jail, etc., and the keeper is commanded to him safely keep until he pays, etc. All that is required of the sheriff in the service of *mesne process* is that he have the party in court to answer; if he does, he discharges his duty. It is stated in Bacon's Abridgement, Escape (C.), "if the prisoner is in custody on *mesne process*, the sheriff may retake him after having permitted him to go at large," and we so hold. 3 Black. Com. 290 ; *Nottingham's case,* Noy, 72 ; *Lewis* v. *Moreland,* 2 B. & A. 56; *Atkinson* v. *Matteson,* 2 Term, 172 ; *Hawkins* v. *Plomer,* 2 Wm. Bl. 1048 ; *Stone* v. *Woods,* 5 Johns. 182. In *Ravenscroft* v. *Eyles,* 2 Wils. 295, it was adjudged to the contrary, citing only the cases of *Key* v. *Briggs,* Skinner, 582, and *Scott* v. *Peacock,* 1 Salk. 271, neither of which support the decision, for, in the first, as we construe the case, although the arrest was upon *mesne process,* the prisoner was not produced at the return, and in the latter, the escape was of a prisoner in execution. The court were evidently misled and applied the rule as to an escape in execution to an escape in *mesne process.*

Had the officer the right to recapture the plaintiff, having lost the declaration? That depended upon whether the officer could return the writ and the justice legally take jurisdiction of the suit. The process was complete, it was duly returned, the defendant therein was present. We hold that the justice had jurisdiction ; that he could, under s. 1172, R. L., order a new declaration filed; that within that statute an action may be said to be pending in court at any time after the officer begins to make service ; and that when the suit was entered, such order could have been made, although the loss of the declaration happened before the return day of the writ. This section permitting the filing of a new, in place of a lost declaration, applies to justice as well as other courts. The defendant Walker is not liable.

*Judgment affirmed.*