H. M. CUTHBERTSON *v* R. A. RITCHIE ET AL.

Special Term at St. Johnsbury, April, 1925.

Present: POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 7, 1925.

*Statutes—Changes Made in Revision—When Action Is Pending —Necessity of Return of Process According to Law—Attachment—Lost Process—Procedure Required of Plaintiff to Preserve Rights by Use of Copy—Action Held Not Pending—Motion to Abate Writ.*

1.  Changes made in revision of statutes will not be regarded as altering law, when it is well settled by plain language in statute or by judicial construction, unless it is clear that such was the intention.

2.  Legislative action relating to revision of 1839, which changed phraseology of Act of November 10, 1807 (Laws 1807, Ch. 113),

relating to procedure when a writ is lost, mislaid, or destroyed, the law at that time being well settled by language of original act, *held* to show intention of Legislature to change such statute from the original to its present form (G. L. 2038, 2039), and under such changed statute action may be pending in court before actually entered upon court's docket.

3. Although action may be pending in court within meaning of G. L. 2038 as soon as service of process is begun, provided service is completed and process duly returned, failure to return process as law directs vitiates all previous acts thereunder, and action cannot thereafter be said to be pending in court by virtue of such service.

4. Fact that writ of attachment becomes lost does not absolve plaintiff from requirements of G. L. 1727, 1728, providing that such writs must be served, entered, and docketed within 21 days from date thereof, but, if he desires to preserve his rights, he must proceed by copy in accordance with G. L. 2038, 2039, entering and docketing such copy within time allowed for entering and docketing original, or at least take steps looking to that end within such time limit.

5. Where original writ of attachment was lost, and neither original nor copy was entered and docketed within time required by G. L. 1728, and no steps were taken to substitute copy in lieu of original until nearly three months after expiration of such time, the action was not pending in court within meaning of G. L. 2038, and plaintiff's motion for leave to file such copy should have been denied.

6. Under such circumstances, even though motion to file copy of writ had been properly granted, motion to abate writ should have been sustained, as under G. L. 1728 had original writ been entered out of time it must abate on motion, and plaintiff acquired no better rights by use of copy.

PETITION under G. L. 2038, 2039, for leave to file certified copy of lost writ of attachment in court, and to proceed thereunder, opposed by defendant R. A. Ritchie and certain creditors who had acquired interests in property more than 21 days after date of original writ. Heard by court at the September Term, 1924, Orleans County, *Graham,* J., presiding. Petition granted. Motion of defendant R. A. Ritchie, made after filing and docketing of certified copy, to abate writ denied. Defendant Ritchie

and certain creditors excepted. The opinion states the case. *Reversed, and judgment that plaintiff's motion be denied.*

*W. W. Reirden* for defendant, R. A. Ritchie.

*Shields & Conant* for creditor, John H. Barrington.

*Dutton & Morse* for the plaintiff.

SLACK, J.   On June 30, 1924, plaintiff caused a writ of attachment returnable to Orleans county court to be issued in his favor against defendant Ritchie, and on the same day caused such writ to be served by attaching as the property of Ritchie both real and personal property in the town of Greensboro by lodging a copy thereof, with the return of the officer who served the same indorsed thereon, in the office of the clerk of that town, and also by delivering a like copy of the writ and officer's return to Ritchie.   The writ was afterwards lost, and the case never was entered in court except as stated later.   Sometime, the date not appearing, plaintiff learned that the writ had been lost and that the case had not been entered in court, and on October 17, 1924, he filed in said court a motion predicated on G. L. 2038 and 2039, setting forth the loss of the writ and praying that a certified copy thereof and the officer's return thereon, attested by the clerk of the town in which the attachment was made, be filed in court under such regulations as the court might prescribe, and that the same proceedings be had thereon as though it was the original writ.   It appearing that other parties had acquired some interest in the property attached, subsequent to the attachment, they were, by order of court, cited to show cause, etc., but since their rights are not involved in the disposition of the case they are not noticed further, and Ritchie will be understood to be the person hereafter referred to as defendant.

The defendant opposed the motion on the grounds, among others, (1) that the original writ never having been returned to, nor filed with, the clerk of the court to which it was returnable, the court had no jurisdiction to allow a copy to be filed at that time in place of the original; (2) that after the expiration of twenty-one days from the date of the writ, the plaintiff having failed during that time to make any attempt to file a copy in lieu of the original, the court had no jurisdiction to grant the motion

because there was no action pending in court; and (3) that because of failure to return the original writ to the court whence it issued within the time prescribed by statute (twenty-one days from the date thereof) there was, after the expiration of such time, no action pending in court, and the court was then without process, and therefore without jurisdiction.

After hearing, the court granted the motion and directed that a certified copy of the writ, complaint, and officer's return be filed in court, and that the same proceedings be had thereon as though the original writ, complaint, and officer's return were in court, to all of which the defendant had an exception.

The plaintiff thereupon entered with the clerk of the court a certified copy of the papers above specified, and the same were docketed in lieu of the original papers; the defendant immediately moved that the process abate because not entered within twenty-one days from its date, as the statute required, and to the denial of this motion he had an exception.

G. L. 2038 provides: "If the writ or complaint in an action pending in court is lost, mislaid or destroyed, the court may, on written motion for that purpose, order a writ or complaint for the same cause of action filed under such regulations as the court prescribes, and the same proceedings shall be had thereon as though it were the original writ or complaint"; etc.

G. L. 2039 provides: "If real or personal estate is attached on such writ, the plaintiff may procure a certified copy of the writ, complaint and officer's return thereon, from the clerk of the town in which the estate was attached, and cause the same to be filed in such court; and the same proceedings shall thereupon be had, and the estate so attached shall be held to respond to the judgment in the action, as though the original writ, complaint and return were in court."

The question presented by the first exception is whether the action was pending in court, within the meaning of G. L. 2038, at the time plaintiff's motion was filed. If it was, the motion was properly granted; if it was not, the motion should have been denied.

[1, 2] It is urged by defendant that a case is not pending in court within the meaning of this statute until it is entered upon the docket of such court. This claim is based on the language of the original act relating to procedure when a writ is lost, mislaid or destroyed, passed November 10, 1807, the effect

of which, it is claimed, has not been changed or modified by subsequent legislation. It is true, as claimed by defendant, that the only change here material in the phraseology of the statute was made in the revision of 1839, and it is also true that changes in a revision will not be regarded as altering the law, when it is well settled by plain language in the statute or by judicial construction, unless it is clear that such was the intention. *Clark v. Powell,* 62 Vt. 442, 19 Atl. 597; *Whitcomb v. Davenport's Estate,* 63 Vt. 656, 22 Atl. 723; *State v. Bosworth,* 86 Vt. 71, 83 Atl. 657. That the law was well settled by the language of the original act cannot be doubted. But a careful examination of the legislative action relating to the revision of 1839 satisfies us that it was the intention of the Legislature to change the statute touching this subject-matter from the original to its present form. We think and hold that under the present statute an action may be pending in court before it is actually entered upon the docket of such court. Such was the construction given this statute in *Aldrich v. Weeks et al.,* 62 Vt. 89, 19 Atl. 115. It was there held that the action was pending in court after the officer commenced to make service of the writ.

[3] But it appeared in that case that the process was "duly returned," which means that it was regularly, or timely, returned to the court whence it issued, an essential step lacking in the instant case. For although an action may be pending in court within the meaning of this statute as soon as service of the process is begun, provided the service is completed and the process duly returned, failure to return the process as the law directs vitiates all previous acts thereunder. *Moore v. Duke et al.,* 84 Vt. 401, 80 Atl. 194; *Mitchell v. Pierce,* 86 Vt. 514, 86 Atl. 748; *Wright v. Templeton,* 80 Vt. 358, 67 Atl. 817; *Gibson v. Holmes et al.,* 78 Vt. 110, 62 Atl. 11, 4 L. R. A. (N. S.) 451, and the action cannot thereafter be said to be pending in court by virtue of such service. In short, the status that an action acquires by service of process, namely, its pendency in court, goes for naught unless such process is duly returned.

[4] Writs like the one lost must be served within twenty-one days from the date thereof (G. L. 1727), and must be entered and docketed in the county clerk's office, by the party suing out the same, on or before the expiration of such twenty-one days, or the same shall, on motion, abate. G. L. 1728. Loss of the writ does not absolve a plaintiff from complying with these

requirements. In such event, he can and, if he would preserve his rights, must proceed by copy in accordance with the provisions of G. L. 2038 and 2039. And such copy must be duly entered and docketed within the time allowed for entering and docketing the original, or at least steps looking to that end must be taken within that time. This is not placing an undue burden on the plaintiff. He puts the machinery in motion and if he elects to leave it unattended, he must bide the consequences.

[5] In the instant case neither the original writ nor a copy thereof was entered and docketed within the time required by statute, nor were steps taken to substitute a copy in lieu of the original until nearly three months after the expiration of such time. Manifestly, in the circumstances, the action could not be said to be pending in court at the time plaintiff's motion was filed, consequently the same should have been denied.

[6] But the plaintiff could not prevail if it were held otherwise, because if his motion was properly granted, obviously defendant's motion to abate would have to be sustained. Had the original process been entered out of time, no course would have been open to the court but to abate it, on motion for that purpose (G. L. 1728), and clearly plaintiff acquired no better rights by using a copy.

*Judgment reversed, and judgment that plaintiff's motion be denied.*