HORTON, Judge.
This is an interlocutory appeal from an order quashing the purported service of process upon the appellee.
*686 A complaint was filed in the Circuit Court of Dade County, on December 19, 1957, to recover damages for personal injuries sustained in an automobile accident. The original summons was never returned to the court out of which it was issued. Approximately four months after the filing of the complaint and issuance of the summons, an affidavit was filed by a deputy constable, stating that service had been effected and that he had executed a return of service upon the original summons and forwarded the same to the attorneys for appellant. It was never received. The appellee thereupon filed a motion to dismiss, urging the lack of jurisdiction over the appellee, the insufficiency of process and the insufficiency of the service of process. This motion was granted.
Approximately eight months after the filing of the complaint, a second affidavit similar to the first was filed by the deputy constable and the appellant moved for a rehearing in light of the new affidavit. Rehearing was granted, the second affidavit considered and the order now appealed was entered quashing the service.
The appellee contends that there being no return of the writ or summons, the affidavit by the deputy constable of service upon the appellee is insufficient service of process and does not operate to give the court jurisdiction over the appellee. On the other hand, the appellant contends that proof of the service of process is sufficient notwithstanding the loss of or the failure to make a return of the writ to the court from which it issued.
Both parties to this appeal, as well as the court, have been unable to find wherein the precise question involved here has been passed upon by the Supreme Court of Florida or other appellate courts of this state.
Rule 1.3(c) of the Florida Rules of Civil Procedure, 30 F.S.A., provides in part:
“ * * * The person serving the process shall make proof of service thereof to the court promptly and in any event within the time during which the person served must respond to the process. If service is made by a person appointed by the court for such purpose, he shall make affidavit thereof. Failure to make proof of service shall not affect the validity of the service[Emphasis supplied]
Sections 47.47 and 47.48, Fla.Stat., F.S.A., provide for the return of the execution of process as well as the return of the non-execution of process by the officer in whose hands the process has been placed for service. Obviously, if the summons or writ is not returned to the court out of which it issued, then there is no way to ascertain whether or not the writ was served. In 42 Am.Jur., Process, § 117, p. 104, the author, in commenting upon the return and proof of service, said:
“The return of process is essential to an effectual service thereof. To authorize a judgment against a person who has not appeared and answered or otherwise submitted himself to the jurisdiction of the court, there must be not only service on such person, but also a legal return of such service. It is not the return, however, but the service of the writ, that gives jurisdiction. The return is merely evidence by which the court is informed that the defendant has been served.”
If the return of the writ were not necessary, then we do not feel that the provisions of Rule 1.3(c), supra, to the following effect:
“The person serving the process shall make proof of service thereof to the court promptly and in any event within the time during which the person served must respond to the process[Emphasis supplied]
would have any meaning. Without the return of the writ, the court would be unable to determine when the defendant would be required to plead or the plaintiff would be entitled to a default for such failure. Thus, *687 it can be seen that the return of the writ is necessary to the orderly continuance of procedural steps required by the rules. If the summons is returned unexecuted or improperly executed, the plaintiff is entitled to such additional summons as is necessary to effect service. Rule 1.3(d), Florida Rules of Civil Procedure.
Accordingly, we conclude that the order appealed should be and it is hereby affirmed.
Affirmed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.