116 So.2d 767 (1959)
Helen T. KLOSENSKI, Petitioner,
v.
Joseph Thomas FLAHERTY, a/k/a Tom Flaherty, Respondent.
Supreme Court of Florida.
December 2, 1959.
Rehearing Denied January 13, 1960.
*768 Kelner & Lewis and Fred Patrox, Miami, for petitioner.
Lane, Primm & Lane, Miami, for respondent.
ROBERTS, Justice.
In Klosenski v. Flaherty, Fla.App. 1959, 110 So.2d 685, the District Court of Appeal, Third District, affirmed an order of the trial court quashing upon motion of counsel for defendant a purported service of summons upon defendant. The facts were that the original summons issued by the clerk  and, according to an affidavit of the officer to whom the summons was given for service, actually served upon the defendant before the expiration of the return date  was lost for some unexplained reason and had not been and could not be returned to the court for filing in the cause. The trial judge concluded that "the record reflects no proper proof of service" and that "in contemplation of law, no service was had upon the defendant", and he thereupon quashed the "purported service."
The District Court of Appeal agreed, stating that "the return of the writ is necessary to the orderly continuance of procedural steps required by the rules." Klosenski v. Flaherty, supra, 110 So.2d at page 687.
The cause is now before this court on petition for certiorari filed by the plaintiff asserting that the appellate court's decision is in direct conflict with previous decisions of this court. The net effect of the trial judge's ruling and the appellate court's decision is that the officer must return the original writ, with his notation of service thereon, to the court of issuance in order to complete the service of process and give the court jurisdiction over the person of the defendant. But there is nothing in our statutes or rules specifically so providing; and, in our opinion, this conclusion is in conflict with previous decisions of this court with respect to the service of process.
This court has said that "the real purpose of the service of summons ad respondendum is to give proper notice to the defendant in the case that he is answerable to the claim of plaintiff and, therefore, to vest jurisdiction in the court entertaining the controversy * * *." State ex rel. Merritt v. Heffernan, 1940, 142 Fla. 496, 195 So. 145, 147, 127 A.L.R. 1263. (Emphasis added.) In a very early case it was held that "a summons, regularly served, as required by the [statute or rules], gives the court jurisdiction of the person of the defendant." Shepard v. Kelly, 1849, 2 Fla. 634, 655. And again, in Largay Enterprises, Inc. v. Berman, Fla. 1952, 61 So.2d 366, 371, it was said that "it is the service of the writ, and not the sheriff's return, which gives the court jurisdiction over the defendant." See also State ex rel. Briggs v. Barns, 1935, 121 Fla. 857, 164 So. 539, 542.
Many other decisions of this court show clearly that the officer's return is no part of the service  either to add to or detract from it  but is merely evidence to enable the trial judge to conclude that the court has acquired jurisdiction of the person of the defendant, or has not done *769 so, as the case may be. There may be valid service and a defective return, see Largay Enterprises, Inc. v. Berman, supra; or there may be invalid service and a return showing valid service, see McIntosh v. Wibbeler, Fla. 1958, 106 So.2d 195. In either case it is the fact of valid service  or the fact of invalid service  as shown by the evidence, that is controlling insofar as the question of jurisdiction over the person of the defendant is concerned, and not the officer's return on the writ. This principle is, in fact, incorporated in our Rules of Civil Procedure 30 F.S.A. since Rule 1.3(c) thereof provides that "[f]ailure to make proof of service shall not affect the validity of the service." (Emphasis added.)
This is not to say that the court has jurisdiction to proceed in the cause without proof of service, either upon the basis of a return valid on its face or after amendment of a defective return, unless the defendant submits himself to the jurisdiction of the court by pleading to the merits. And, again, the evidentiary character of the officer's return is made particularly apparent in the decisions of this court involving default judgments. If the return is regular on its face, it serves "as a virtual basis for the Court to assume that it has lawfully obtained jurisdiction over the person of the defendant," Rorick v. Stilwell, 1931, 101 Fla. 4, 133 So. 609, 610, for the purpose of entering judgment by default against such defendant. If, however, the return is defective on its face, it "cannot be relied upon as evidence that the court acquired jurisdiction over the person of the defendant to whom said subpoena was directed," Gibbens v. Pickett, 1893, 31 Fla. 147, 12 So. 17, 18, 19 L.R.A. 177, so that a decree pro confesso entered upon the basis of such a return should be set aside. See Standley v. Arnow, 1871, 13 Fla. 361.
But the fact that the court has no jurisdiction to proceed further in the cause unless and until proof of valid service has been made, does not mean that the court has no jurisdiction over the person of the defendant. As noted above, it is established in the jurisprudence of this state and by Rule 1.3(c), supra, that jurisdiction over the person of a defendant who has been validly served with process is not lost by reason of the fact that the officer serving the same has made a defective return  or, even, if he has failed to make any proof of service. It may be said that jurisdiction over the person of the defendant lies dormant until proper proof is made of the regularity of such service. And, by analogy, the conclusion is inevitable that jurisdiction over the person of a defendant actually and validly served with process which was subsequently lost or destroyed would merely lie dormant until such time as proper proof of service is made, and the lost summons re-established as a record of the court. See § 71.13, Fla. Stat., F.S.A. It is universally so held in other jurisdictions in which a statute or rule does not specifically provide to the contrary. See Elliott & Healy v. Wirth, 1921, 34 Idaho 797, 198 P. 757; Smith v. Tallman, 1934, 87 N.H. 176, 175 A. 857; State ex rel. Hilton v. Le Roy Sargent & Co., 1920, 145 Minn. 448, 177 N.W. 633; Taylor v. Cobleigh, 1844, 16 N.H. 105; Bourgeious v. Santa Fe Trail Stages, Inc., 1939, 43 N.M. 453, 95 P.2d 204; 42 Am.Jur., Process, § 29, pp. 28 and 29; 72 C.J.S. Process § 23, p. 1021; cf. Cuthbertson v. Ritchie, 99 Vt. 50, 130 A. 756. It might be noted that the same reasoning is equally applicable to a situation in which the officer fails to file his return within the time specified by statute or rule. See Clinton v. Miller, 1951, 124 Mont. 463, 226 P.2d 487; Rowe's Adm'r v. Hardy's Adm'r, 1899, 97 Va. 674, 34 S.E. 625; Rhodes v. Valley Greyhound Lines, Inc., 1954, 98 Ohio App. 187, 128 N.E.2d 824; Rhyne v. Missouri State Life Ins. Co., Tex.Com.App. 1927, 291 S.W. 845.
It should be noted that, since the repeal of § 95.01, Fla. Stat., by Ch. 29737, Laws of Florida, Acts of 1955, F.S.A., the provisions of Rule 1.2, Fla.Rules Civ.Proc., are controlling, so that the statute *770 of limitations is tolled by the filing of the complaint in a civil action. And in the case of a defendant who remains within the jurisdiction of the court and amenable to personal service, or one who has left the state but is, by statute, amenable to substituted personal service (as was the defendant in the instant case under § 47.29 (1), Fla. Stat., F.S.A.) it would seem to be the safer and better procedure to proceed anew to obtain personal service on the defendant. But in the case of a defendant who has concealed his whereabouts and in which there is no statutory provision for substituted personal service, we have the view that the trial judge, in his discretion, could re-establish the lost summons and return upon proof thereof  which proof should, however, be almost conclusive and such as to leave little, if any, doubt as to the authenticity thereof.
In the instant case the record does not show whether counsel for plaintiff was attempting to proceed under § 71.13 to re-establish the lost summons and return for filing in the cause. As noted, the clear import of the trial judge's order and the appellate court's decision was that the original writ, with the officer's notation of service thereon, must be returned to the court of issuance in order to give jurisdiction over the person of the defendant. As shown above, this holding is not in harmony with the previous decisions of this court.
Accordingly, certiorari is granted, the decision here reviewed is quashed, with directions to remand the cause to the trial judge for reconsideration of his order of quashal in the light of the opinions herein expressed.
It is so ordered.
TERRELL, HOBSON and O'CONNELL, JJ., concur.
DREW, J., concurs specially.
THOMAS, C.J., and THORNAL, J., dissent.
DREW, Justice (concurring specially).
I concur in the foregoing opinion and judgment but I think we should point out that we are concerned here solely with the question of conflict. Whether the trial court lost jurisdiction concerning the service of process at the expiration of sixty days[1] after the entry of the original order of the 20th of June, 1958 dismissing the cause for lack of jurisdiction over the person and insufficiency of service of process, was not raised in the district court nor decided by it.
NOTES
[1] F.A.R. 4.2, subd. a, 31 F.S.A. provides for interlocutory appeals in common law actions from orders relating to jurisdiction. 59.08, Florida Statutes 1957, F.S.A. and F.A.R. 4.2, subd. a require such appeals to be filed within sixty days from the rendition of the order sought to be reviewed.