361 So.2d 275 (1978)
MID-STATE HOMES, INC.
v.
Jackie L. BICE and Debbie C. Bice.
No. 12077.
Court of Appeal of Louisiana, First Circuit.
July 10, 1978.
*276 Joseph E. Anzalone, Jr., Amite, for plaintiff appellee.
Jeanne M. Roques, Robert B. Chopin, Slidell, for defendants appellants.
Joseph E. Anzalone, Jr., Amite, for Jim Walter Homes, Inc., third party defendant, appellee.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
COVINGTON, Judge.
Jackie L. Bice and his wife, Debbie C. Bice, defendants, reconvenors and third-party plaintiffs, appealed from the judgment of the trial court which, although it awarded them their primary relief of recission of contract, failed to award them damages for wrongful seizure of their property by one of the appellees, Mid-State Homes, Inc. (Mid-State), and to grant them an award for mental anguish, embarrassment, et cetera, which they claim to have suffered as a result of breach of a building contract by the other appellee, Jim Walter Homes, Inc., (Jim Walter). The appellants also contend that the trial court erred in not awarding them attorney's fees and in not fixing and taxing as costs the expert witness's fee. We amend, and affirm as amended.
This suit commenced when Mid-State, claiming to be the holder in due course of a promissory note secured by certain immovable property belonging to the appellants, filed a petition for executory process and obtained an order therefor. Appellants then obtained a temporary restraining order, followed eventually by an injunction, restraining the seizure and sale of the immovables because the documents relied upon by Mid-State were not in the authentic form necessary for executory process.
Thereupon, Mid-State converted the executory process into an ordinary proceeding. The appellants answered, denying that Mid-State was a holder in due course, because they had not executed the note and mortgage before a notary and two witnesses. They also averred that Jim Walter Homes, Inc., the contractor, had failed to complete the residence under the building contract, and in reconvention demanded $15,000.00 as damages for the wrongful seizure, plus reasonable attorney's fees therefor. In addition, they joined the contractor as a third-party *277 defendant, asking for alternative forms of relief, such as specific performance of the contract and $25,000.00 as damages for breach of the contract.
The background and the evidence adduced are succinctly set forth in the Reasons for Judgment assigned by the trial judge and which are, in pertinent part, as follows:
"Defendants entered into a building contract with Jim Walter Homes, Inc. for the construction of a home on their property in St. Tammany Parish, Louisiana. In conjunction with this building contract they executed a mortgage and note in favor of Jim Walter dated April 10, 1973 in the amount of $17,946.00 the first installment being due on July 5, 1973. There were extensions until October 3, 1973 at which time the first installment was due. No payments were made.
"The note and mortgage were assigned to plaintiff, Mid-State Homes, Inc. on January 23, 1974. Mid-State is owned by Jim Walter. Due to the fact that Jim Walter owns Mid-State, and the assignment of the note and mortgage was made after the note became delinquent, the Court holds that plaintiff is not a holder in due course. Consequently, the defenses available against Jim Walter are available against the plaintiff.
"The defenses are basically that the building was not completed in accordance with the terms of the contract, and that the construction was not done in a workman-like manner.
"The evidence indicates and Jim Walter admits the following:
"1) That the eaves are shorter than called for in the contract, 9" as opposed to a called for 1½.
2) There is a bad fitting on the kitchen sink.
3) There is a bad fitting on the back door.
4) They attempted to install 6' cabinets where the kitchen had been constructed for 5' cabinets. They tried to cut down the 6' cabinets, but it didn't work.
"Additionally, the Court finds that:
"1) The floors got wet during construction and have buckled so that they can't be covered.
2) The windows are in crooked and have paint on outside.
3) Jim Walter entered into an additional agreement calling for: a) three strong backs to be run under the existing floor joists across the middle of the house. This was not done.
4) The house is out of level.
"The defendant never moved into the house and now asks for a complete recission of the sale. Plaintiff claims substantial completion and that the most defendants are entitled to is a credit on the mortgage and note.
"The Court finds a lack of substantial compliance.
"`Substantial performance is said to exist where the house (or other construction) may be used for the purpose intended even though certain defects or omissions in construction exist.' Neel v. O'Quinn, [La.App.] 313 So.2d 286 at 290.
"Among the factors to be considered in making the determination of whether substantial performance has been achieved are,
"`. . . the extent of the defect or non-performance, the degree to which the purpose of the contract is defeated, the ease of correction, and the use or benefit to the owner of the work performed.' Neel v. O'Quinn, supra at pg. 290.
"According to the evidence adduced at trial, there are both defects in the material used and non-compliance with the contract provisions. The amount necessary to remedy just the defects that are not in compliance with the contract is approximately $2,000.00. The original building contract was for $8605.00 so that contractual defects amount to approximately 25% of the contract price.
"This alone results in a lack of substantial compliance.
"Additionally, one of the original problems resulted from the contractor allowing the floors to get wet so that they `buckled.' They could not be covered.

*278 This in itself would appear to be legitimate reason for defendants not moving into the house. As a result of the failure to occupy, other deterioration has taken place such as the porch rotting. The Court finds that defendants were justified in not occupying the premises and consequently resulting damages are the fault of the plaintiff.
"There is also testimony that the eaves are shorter than called for and the house is out of level. Certainly these corrections could not be made easily, if at all.
"Any remedy in this case other than recission of the contract for substantial non-performance would be meaningless. The building contract was for $8605.00. However, the mortgage was for $17,946.00, and defendants, who never occupied the house, would owe this amount plus 6% interest from November 1973, plus 10% attorney fees for a house where reparable defects not in compliance with the contract amount of 25% thereof, not including those such as the eaves which probably cannot be repaired."
The trial court then signed a judgment nullifying and rescinding the building contract with Jim Walter, decreeing that the act of mortgage be cancelled from the official records by the Clerk of Court for St. Tammany Parish, ordering Mid-State to return the promissory note to the appellants, and ordering the removal of the structure from the appellants' property within a reasonable time. Mid-State was cast for all costs.
The judgment does not actually dispose of the third-party demand against Jim Walter Homes, Inc., but it appears from the trial judge's written reasons that he considered the proper relief for the appellants was recission of the contract. Thus, the silence of the judgment with respect to the appellants' alternative remedies has the effect of denying them.
We agree with the trial court's judgment insofar as it granted recission of the contract, return of the note, cancellation of the special mortgage and removal of the building from the appellants' property. However, we think the trial court should have allowed damages for wrongful seizure, damages for mental anguish, et cetera, attorney's fees, and he also should have fixed the expert witness's fee.
Our jurisprudence has been consistent in awarding damages, including general damages for embarrassment, inconvenience and worry, for wrongful seizures (whether under executory process or writ of fieri facias). Escat v. National Bank of Commerce in New Orleans, 284 So.2d 832 (La.App. 4 Cir. 1973). Our review of the record convinces us that the appellants have established that they were embarrassed and inconvenienced by the wrongful seizure, and to some extent adversely affected in their credit rating in the community. We will award the appellants the sum of $1,000.00 for this item of damages.
We believe that the law is now established that an attorney's fee is also a proper item of damages where there has been a wrongful seizure under executory process. Escat v. National Bank of Commerce in New Orleans, supra. The record supports an award of $500.00 as attorney's fees.
The appellants called an architect, Jamie Gutierrez, as an expert witness. Mr. Gutierrez made a field inspection of the subject structure, reported on the condition of the premises and testified at the trial. The record supports an award of $625.00 as the expert witness' fee. We will fix it in this amount and tax it as costs.
Finally, the appellants' claim for damages for mental anguish arising out of the breach of contract by Jim Walter was denied by the trial judge, the judgment being silent in that regard. On appeal, the appellants contend that they are entitled to such damages. We agree. In Jack v. Henry, 128 So.2d 62 (La.App. 1 Cir. 1961), this Court, citing LSA-C.C. art. 1934(3) as its basis, awarded damages for mental anguish, et cetera, in a breach of contract case. We consider the rationale of Jack to be sound, and award the appellants the sum of $1,500.00 for this item of damages. See *279 also Whitener v. Clark, 356 So.2d 1094 (La. App. 3 Cir. 1978).
Therefore, the judgment of the trial court is amended, and as amended is affirmed. We recast the judgment to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the defendants, reconvenors and third-party plaintiffs, Jackie L. Bice and Debbie C. Bice as follows:
(1) Against Jim Walter Homes, Inc.:
a. Nullifying and rescinding the building contract and ordering said defendant to remove, within 45 days of the date of the finality of this judgment, the building placed on the following described property:
A CERTAIN LOT OF GROUND fronting fifty feet (50') on the south side of Home Estate Drive and extending south therefrom 150 feet between equal and parallel lines; and forming the northeast corner of the two and one half (2½) acres purchased by Richard J. Bice from George C. Foltz by act passed before J. Chas. Collins, Jr., Notary, dated June 29, 1961, recorded in COB 312, folio 661, as a portion of Lot "S" on a survey of Home Estate Acreage by Adlee Orr, Civil Engineer, dated July 6, 1945 and is located in the SW¼ of the NW¼ of Sec. 33, T. 8 S., R. 14 E., Ninth Ward, St. Tammany Parish, Louisiana. Being a portion of the same property acquired by Richard E. Bice per COB 312 folio 661. Said act recites:
"It is further understood and made a part of this Act of Sale is made subject to the restrictions herein and described as follows, which restrictions shall run with and be a part of the title": (1) Property will be used for residential or estate and/or small farm. (2) Property will be occupied by members of the Caucasian race, (3) Residence shall not be constructed less than seventy five (75) feet from the road. (4) Property shall not be used for any purpose which will mar or destroy the natural beauty or create an unsightly or disorderly scene, such as a junk yard;
b. Awarding plaintiffs $1,500.00 damages for breach of contract, together with legal interest from date of judicial demand.
(2) Against Mid-State Homes, Inc.:
a. Directing it to return to Mr. and Mrs. Bice the $17,946.00 promissory note executed by them on April 10, 1973;
b. Awarding plaintiffs-appellants $500.00 attorney's fees;
c. Awarding plaintiffs-appellants $1,000.00 for embarrassment and allied mental anguish, together with legal interest from date of judicial demand;
d. Ordering Honorable Lucy Reid Rausch, Clerk of Court, Parish of St. Tammany, Louisiana, to cancel the mortgage recorded at MOB 524, Folio 851 of the records of St. Tammany Parish.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the fee of the expert witness, Mr. Jamie Gutierrez, be fixed at $625.00 and taxed as costs.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all costs are assessed against Mid-State Homes, Inc., and Jim Walter, Inc., in solido.
AMENDED AND AFFIRMED.