462 So.2d 569 (1985)
Nathan WIEN and Elizabeth Wien, Appellants,
v.
QUAYSIDE REALTY, INC., Appellee.
No. 84-1688.
District Court of Appeal of Florida, Third District.
January 15, 1985.
Goldberg, Semet, Lickstein & Morgenstern, and Alan R. Stone, Miami, for appellants.
Rubin, Baum, Levin, Constant, Friedman & Bilzin and Richard L. Allen and David Trench, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
In the light cast by Florida's established and salutary policy in favor of determining cases on their merits, Bland v. Viking Fire Protection, Inc. of the Southeast, 454 So.2d 763 (Fla. 2d DCA 1984); Burbank v. Southland Corp., 345 So.2d 1108 (Fla. 1st DCA 1977), it is clear that the trial court incorrectly refused to set aside a default and default judgment entered no more than forty days after the defendants had been served in Brooklyn, New York.[1] The record shows that the filing of the affidavits of service  which awakened the case from its previous dormancy, Klosenski v. Flaherty, 116 So.2d 767, 769 (Fla. 1959)  did not occur until more than twenty days after service, but see sec. 48.194, Fla. Stat. (1983); Fla.R.Civ.P. 1.070(b); Klosenski v. Flaherty, 110 So.2d 685, 686 (Fla. 3d DCA 1959), quashed in part on other grounds, 116 So.2d 767 (Fla. 1959), and that Florida defense counsel, who had been monitoring the action, filed motions to dismiss and to set aside the default very shortly after the filing had come to their attention[2] and within two and four days respectively of the default. Since, on these facts, the requirements of a meritorious defense, excusable  if any  neglect, due diligence, and, most important of all, the demands of justice, have all been satisfied, the default may not be permitted to stand. Huerta v. Saphin, 459 So.2d 438 (Fla. 3d DCA 1984); B.C. Builders Supply Co., Inc. v. Maldonado, *570 405 So.2d 1345 (Fla. 3d DCA 1981); McAlice v. Kirsch, 368 So.2d 401 (Fla. 3d DCA 1979).
Reversed.
NOTES
[1] Service took place on April 24, 1984. The affidavits of service and an ex parte motion for default were simultaneously filed with the clerk of the lower court on May 23, 1984. On June 1, 1984, the trial judge entered a default judgment (for the $8,400 liquidated amount demanded) which was filed on June 4, 1984. The defendant filed a motion to dismiss on June 6, and a motion to set aside the default with accompanying affidavits on June 8, 1984.
[2] We take notice that a period of at least several days may elapse between the execution of an order or the filing of a paper and its appearance on the docket sheet and in the court file.