## HERSHEY v. RIPENSA OF NORTH AMERICA, LTD.
### Case No. 83-6346
Fifteenth Judicial Circuit, Palm Beach County

April 24, 1985

**APPEARANCES OF COUNSEL**

**Cory J. Ciklin** for plaintiff.

**Edward B. Galante** for Karen Volf Corporation.

### OPINION OF THE COURT

VAUGHN J. RUDNICK, Circuit Judge.

In this cause more judicial labor has been expended after the entry of the judgment than in its procurement, resulting from improper service of process in the first instance. As this situation seems to occur more and more frequently, consuming more and more judicial time and effort, the court will summarize the existing law for the benefit of those

members of the Bar who somehow allow established law and procedures to elude them. This order adds nothing new to the law which has existed for decades.

The Plaintiff, Saul M. Hershey, procured a summary final judgment against Defendants, Ripensa of North America, Ltd., a foreign corporation and Karen Volf Corporation, a foreign corporation, with simplicity - the filing of an affidavit of indebtedness with no appearance being made by Karen Volf Corporation, the defendant being sued. The speed with which the judgment was procured can be analogized to the Saturday afternoon when one football team takes the field and the other fails to come to the stadium. Reason: They didn't know the game was being played.

In the instant case the plaintiff moved the court for an order "substituting and/or joining the Karen Volf Corporation of Englewood, New Jersey, in addition to and/or in the stead of the Defendant, Ripensa of North America, Ltd."; procured an order on June 20, 1984 which said "granted"; procured an elisor to effectuate service of the motion for substitution upon "Karen Volf Corporation", who served "Karen Volf Corporation at 95 Cedar Lane, Englewood, New Jersey." (The name of the person upon whom the process was delivered is not set forth, nor any corporate capacity set forth in the return.)

Plaintiff then motioned the court to set the cause for a non jury trial and procured an order setting it; motioned the court for summary judgment; noticed the motion for summary judgment, the notice being sent to Ripensa of North America, Ltd., but not the Defendant, Karen Volf Corporation.

From this state of affairs Plaintiff procured a summary final judgment against Ripensa of North America, Ltd., a foreign corporation, and Karen Volf Corporation, a foreign corporation, in amount of $11,713.50.

Subsequently, upon the efforts to enforce the judgment rendered against Ripensa of North America, Ltd., and Karen Volf Corporation, Plaintiff attempted to garnish several accounts of these defendants.

The Defendant, Karen Volf Corporation, A/S and N/A, has filed a motion with this court for relief from judgment alleging the court had no jurisdiction over the person of the corporation because service of process was never made upon any registered agent, corporate officer, director or employee of the Karen Volf Corporation, A/S and N/A and, alternatively, if the court did have jurisdiction, alleged excusable neglect, in that the defendant was unaware of the existence of a law suit. The motion alleges Karen Volf Corporation A/S is a foreign

114

corporation headquartered in Denmark and a second corporation was formed known as Karen Volf Corporation N/A in Delaware, which is a wholly owned subsidiary of the Denmark corporation.

The Defendants, Karen Volf Corporation A/S and N/A attack the service of process attempted to be made upon them and in support of their motion have filed two affidavits which are uncontradicted reflecting Richard Recchia is not a registered agent, officer, director or employee of Karen Volf Corporation and Reg Hitchcock, a Vice-President of Karen Volf Corporation, reflecting no officer, director, registered agent or employee in Denmark or United States was ever served with complaint and summons in the action; that Richard Recchia is not, nor has ever been, an officer, director, shareholder, employee or registered agent for Karen Volf Corporation A/S and N/A.

The plaintiff has subsequently filed amendments to its return of service in an effort to validate it, the ultimate object to show this court did obtain personal jurisdiction over Karen Volf Corporation. The amended return is of little help, for the affidavit attached to it still fails to give the name of the person upon whom the elisor served the papers. It simply states, "I personally delivered a copy of the aforementioned motion and notice to the secretary of the Karen Volf Corporation at 95 Cedar Lane, Englewood, New Jersey, in the absence of the president, vice-president, cashier, treasurer or general manager."

Plaintiff relies upon the case of *Klosenski v. Flaherty*, 116 So.2d 767 (Fla. 1959) in an effort to breathe life into his law suit, but it is of no avail. In the *Klosenski* case the service of process in the first instance was proper and in the case before this court it was never proper. Hence, all amendments cannot breathe life into the judgment under attack. Even if Plaintiff could somehow convince someone, somewhere, the service of process was valid, the cited Supreme Court decision teaches us the case remained dormant and the trial court had no jurisdiction to proceed further in the cause unless and until proper proof is made of the regularity of such service and this has not been accomplished in the instant case, even with the latest amendment, for it is still unknown to the court upon whom the service was made.

It is of importance that service of process was attempted pursuant to Florida's Long Arm Statute so as to procure personal jurisdiction of a foreign corporation and the complaint upon which the law suit is based does not have any allegations within it reflecting the defendants, Karen Volf Corporation A/S and N/A conducting business within the State of Florida which would make them subject to the provisions of the

115

Long Arm Statute. *Biscayne Athletic Club, Inc. v. Iacono*, 367 So.2d 275 (Fla. 3rd DCA 1979); *Cosmopolitan Health Spa, Inc. v. Health Industries, Inc.*, 362 So.2d 367 (Fla. 4th DCA 1978) and *Elmex Corp. v. Atlantic Fed. Sav. & Loan Ass'n of Fort Lauderdale*, 325 So.2d 58 (Fla. 4th DCA 1976).

When service of process is to be made upon a corporation the person must be named and his position set forth; for the obvious purpose of the statute is to have the service made upon someone who is held responsible by the corporation and it contemplates service shall be made whenever possible upon the more responsible officers before resorting to service upon one of the inferior officers or agents of the corporation. See *Ludlum Enterprises, Inc. v. Outdoor Media, Inc.*, 250 So.2d 649 (Fla. 4th DCA 1971); *Milton Land and Investment Co. v. Our Home Life Insurance Co.*, 87 So. 636 (Fla. 1921).

This order is much too long and based on all of the foregoing, the court need not pursue the contention of excusable neglect. It is

ADJUDGED:

1. The motion of the Defendants, Karen Volf Corp., A/S and Karen Volf Corp., N/A, for relief from judgment is granted.

2. This court does not have personal jurisdiction of these defendants for the reasons set forth in this order.

3. The final summary judgment entered by this court on December 11, 1984 in favor of Plaintiff, Saul M. Hershey, and against the Defendants, Karen Volf Corporation, a foreign corporation, is set aside.